J-S08041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WILLIAM JUNIOR SAVAGE, | : | |
| | : | |
| Appellant | : | No. 1275 WDA 2015 |

Appeal from the Order August 20, 2015
in the Court of Common Pleas of Fayette County,
Criminal Division, No(s): CP-26-CR-0001792-2009

BEFORE: STABILE, DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED MARCH 08, 2016**

William Junior Savage ("Savage") appeals, *pro se*, from the Order denying his fifth Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), codified at 42 Pa.C.S.A. §§ 9541-9546.[1] We affirm.

On May 6, 2010, a jury convicted Savage of one count each of aggravated indecent assault-without consent, aggravated indecent assault-complainant less than thirteen years of age, aggravated indecent assault of a child, indecent assault-without consent, indecent assault-complainant less than thirteen years of age, and corruption of minors. On May 20, 2010, the

---

[1] Savage's Petition is styled as a "Motion to Modify and Correct Illegal Sentence *Nunc Pro Tunc*." However, any petition filed after the judgment of sentence has become final will be treated as a petition for relief filed pursuant to the PCRA. ***See Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2010) (noting that the appellant's attempt to frame his petition as a "motion to correct illegal sentence" does not change the applicability of the PCRA.). Thus, the PCRA court properly treated the claim raised in Savage's Motion as cognizable under the PCRA.

trial court sentenced Savage to an aggregate prison term of seven to fifteen years. On November 15, 2010, this Court affirmed the judgment of sentence. *See Commonwealth v. Savage*, 22 A.3d 1071 (Pa. Super. 2010) (unpublished memorandum).

On May 27, 2015, Savage filed the instant Petition, his fifth Petition for relief under the PCRA. On June 5, 2015, the PCRA court entered an Order granting Savage's Petition. On July 14, 2015, the PCRA court entered an Order (dated July 9, 2015) rescinding and vacating its June 5, 2015 Order (noting that its June 5, 2015 Order "was entered as an unintentional oversight"). On that same date, the PCRA court issued a Notice of intent to dismiss the Petition, pursuant to Pa.R.Crim.P. 907, on the basis that the Petition was untimely and that it did not raise any issue that would constitute an exception to the timeliness requirements.[2] Savage did not respond to the Notice, and on August 20, 2015, the PCRA court dismissed

---

[2] Additionally, the PCRA court rejected Savage's claim that his sentence was illegal under *Alleyne v. United States*, 133 S. Ct. 2151 (2013) because the trial court had imposed a mandatory minimum sentence on his conviction of aggravated indecent assault of a child, noting that the trial court did not impose a mandatory sentence. *See* Rule 907 Notice, 7/14/15, at 1 (noting that "no part of [Savage's sentence] is based upon a mandatory statutory minimum.").

the Petition. Savage filed a timely Notice of Appeal.[3]

On appeal, Savage's claim can be summarized as follows: Whether the sentence imposed for his conviction of aggravated indecent assault of a child is illegal under **Alleyne**? Brief for Appellant at 2.[4,5]

Before we may address the merits Savage's argument, we must first consider the timeliness of his PCRA Petition because it implicates the jurisdiction of this Court and the PCRA court. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014). Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review,

---

[3] On August 19, 2015, the day before the PCRA court entered its Order dismissing Savage's Petition, Savage attempted to file an appeal from the July 14, 2015 Order (rescinding and vacating the June 5, 2015 Order). However, because the PCRA court had indicated its intent to dismiss Savage's Petition, we will view Savage's appeal from the July 14, 2015 Order (dated July 9, 2015) as a timely appeal from the final Order entered on August 20, 2015 dismissing the PCRA Petition. **See** Pa.R.A.P. 905(a)(5) (providing that "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

[4] In his brief, Savage also raises a claim that his sentence violates the equal protection doctrine. **See** Brief for Appellant at 3. However, Savage did not raise this issue in his PCRA Petition. Therefore, he failed to preserve this issue for our review. **See Commonwealth v. Santiago**, 855 A.2d 682, 691 (Pa. 2004) (stating that a claim not raised in the PCRA petition cannot be raised for the first time on appeal, and is "indisputably waived.").

[5] We note that Savage's brief does not conform to the Pennsylvania Rules of Appellate Procedure that govern the form and content of an appellate brief. **See** Pa.R.A.P. 2101, 2111-2133.

including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). A court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010); ***see also Jackson***, 30 A.3d at 523 (holding that section 9545 acts to *divest* a PCRA court of jurisdiction once the filing period has passed).

Here, Savage's judgment of sentence became final on December 15, 2010, when the period of time to file an appeal with our Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); ***Commonwealth v. Rojas***, 874 A.2d 638, 643 (Pa. Super. 2005). Savage had until December 15, 2011, to file the instant PCRA Petition, but did not do so until May 27, 2015. Thus, Savage's instant Petition is facially untimely under the PCRA.

Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of three exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); ***Albrecht***, 994 A.2d at 1094.

In his Petition, Savage failed to plead or prove the applicability of any of the exceptions to the PCRA timeliness requirements. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii); ***Albrecht***, 994 A.2d at 1094. "If the petition is determined to be untimely, and no exception has been pled and proven, the

petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." ***Commonwealth v. Perrin***, 947 A.2d 1284, 1285 (Pa. Super. 2008); ***see also Jackson***, 30 A.3d at 519, 523 (holding that, where the petition was not timely filed, and the petitioner did not plead any of the statutory exceptions to section 9545, the PCRA court had no jurisdiction to offer any form of relief); ***Commonwealth v. Jones***, 932 A.2d 179, 182 (Pa. Super. 2007) (holding that where a petitioner files an untimely PCRA petition raising a legality of sentence claim, the jurisdictional limits of the PCRA render the claim incapable of review). Thus, we conclude that the PCRA court was without jurisdiction to consider the merits of Savage's untimely Petition, and erred by entering its June 5, 2015 Order granting such Petition.

However, our inquiry does not end here. We must next determine whether the PCRA court retained jurisdiction to correct its error. Pursuant to 42 Pa.C.S.A. § 5505, a PCRA court retains jurisdiction to modify or rescind an order within 30 days after its entry. ***See*** 42 Pa.C.S.A. § 5505.[6] Here, the PCRA court did not attempt to correct its June 5, 2015 Order until July 14, 2015, which is beyond the 30-day time limitation provided in section 5505.

---

[6] Section 5505 provides that "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."

Nevertheless, our Supreme Court has recognized that, in limited circumstances, a trial court retains inherent jurisdiction to correct obvious and patent errors, despite the absence of statutory authority to correct orders under section 5505. *See Commonwealth v. Holmes*, 933 A.2d 57, 65 (Pa. 2007) (noting that section 5505 "was never intended to eliminate the inherent power of a court to correct obvious and patent mistakes in its orders, judgments and decrees.") (citation omitted); *see also Commonwealth v. Borrin*, 80 A.3d 1219, 1227-28 (Pa. 2013) (noting that the Pennsylvania Supreme Court has set a high bar for differentiating between errors that may be corrected under the inherent powers of trial courts, and those that may not). The inherent power of trial courts to correct obvious and patent errors is not limited to those errors which are evident on the face of the order; but, rather, extends to a trial court's correction of a patent defect or mistake *that is only made apparent by viewing the record*. *See Holmes*, 933 A.2d at 66; *see also Commonwealth v. Klein*, 566 Pa. 396, 781 A.2d 1133, 1135 (Pa. 2001).

We conclude that the PCRA court's June 5, 2015 Order that granted Savage's PCRA Petition constituted a patent defect or mistake that was made apparent by viewing the record, which revealed that the Petition was untimely, and that Savage had failed to plead or prove any of the timeliness exceptions set forth in 9545(b)(1)(i)-(iii). As such, the PCRA court possessed the inherent power to correct its June 5, 2015 Order, despite the

expiration of the modification period provided by 42 Pa.C.S.A. § 5505. ***See***

***Holmes***, 933 A.2d at 66. Accordingly, we affirm the PCRA court's July 14,

2015 Order vacating its June 5, 2015 Order granting Savage's untimely

PCRA Petition. We further affirm the PCRA court's August 20, 2015 Order

dismissing Savage's Petition on the basis that Savage has failed to overcome

the untimeliness of his Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2016