J-S52043-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL PISKANIN, JR., | : | |
| | : | |
| Appellant | : | No. 2501 EDA 2015 |

Appeal from the Order July 10, 2015
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002072-2004

BEFORE:     FORD ELLIOTT, P.J.E., STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED AUGUST 24, 2016**

Michael Piskanin, Jr. (Appellant) appeals from the July 10, 2015[1] order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

> On March 18, 2004, Appellant was charged with numerous offenses in connection with a criminal enterprise involving his creation of counterfeit driver's licenses and payroll checks.  A jury convicted him of sixty-nine counts of identity theft and one count each of theft by deception and receiving stolen property.  On July 8, 2005, Appellant received an aggregate sentence of seven to fourteen years [of] imprisonment, and we affirmed the judgment of sentence.  ***Commonwealth v. Piskanin***, 986 A.2d 1262 (Pa. Super. 2009) (unpublished memorandum).  Appellant

---

[1] Although the order is dated July 9, 2015, the docket reflects that it was not served on Appellant until July 10, 2015.  Accordingly, for appeal purposes, the order was "entered" on the latter date.  ***Commonwealth v. Carter***, 122 A.3d 388, 391 (Pa. Super. 2015) ("[T]he date the appeal period begins to run, 'shall be the day the clerk of the court ... mails or delivers copies of the order to the parties.'" (quoting Pa.R.A.P. 108(a)(1))).  We have amended the appeal paragraph accordingly.

*Retired Senior Judge assigned to the Superior Court.

thereafter filed an unsuccessful PCRA petition, and, on appeal, we affirmed. *Commonwealth v. Piskanin*, 37 A.3d 1233 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 61 A.3d 191 (Pa. 2013). On March 12, 2013, Appellant filed a second motion for PCRA relief based upon newly-discovered evidence, and he claimed that certain members of this Court had accepted bribes to deprive him of due process. That petition was denied on April 2, 2013, and we affirmed that denial on December 24, 2013. *Commonwealth v. Piskanin*, [93 A.3d 518] (Pa. Super. 2013)[, *appeal denied*, 97 A.3d 744 (Pa. 2014)].

*Commonwealth v. Piskanin*, 105 A.3d 40 (Pa. Super. 2014) (unpublished memorandum at 1-2). "The PCRA court also subsequently dismissed [Appellant's] third and fourth *pro se* PCRA Petitions, finding that they were facially untimely and that [Appellant] had failed to prove any exception to the PCRA's jurisdictional time limitation." *Commonwealth v. Piskanin*, 113 A.3d 354 (Pa. Super. 2014) (unpublished memorandum at 2). In November 2013, Appellant filed a motion to reinstate his first PCRA petition, which was dismissed as his untimely-filed, fifth PCRA petition; that dismissal was affirmed by this Court. *Id.*

On July 6, 2015, Appellant filed the "Petition for *habeas corpus* and post conviction relief act relief" that is the subject of the instant appeal.[2] Therein, he claimed that he is entitled to relief in the form of resentencing because his sentence is illegal under a variety of theories, including the

---

[2] We are unable to discern from the limited certified record and docket before us (presumably limited because the rest of the documents are attached to one or more other pending appeals filed by Appellant) whether there have been intervening PCRA petitions filed between his fifth petition and the instant one.

- 2 -

United States Supreme Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (holding that a fact which triggers the imposition of a mandatory minimum sentence is an element of the crime and must, therefore, be determined beyond a reasonable doubt by a jury). PCRA Petition, 7/6/2015, at ¶¶ 7, 14. The PCRA court dismissed Appellant's petition by order of July 10, 2015.[3] Appellant filed a motion for reconsideration which was denied. This timely-filed appeal followed.[4]

---

[3] The PCRA court's order indicated that it dismissed the petition for lack of jurisdiction because an appeal from one of Appellant's prior PCRA petitions was still pending. Order, 7/9/2015. Between the fact that we have only a partial record before us, and the sheer number of petitions and appeals Appellant has filed, we are unable to determine which petitions were pending at what times. However, "[t]his Court may affirm a PCRA court's decision on any grounds if the record supports it." **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012).

[4] Appellant's notice of appeal from the July 10, 2015 order was required to be filed on or before Monday, August 10, 2015. As it was not entered on the docket until August 18, 2015, this Court issued a rule to show cause why the appeal should not be quashed. Appellant filed a response stating, along with his standard accusations of a vast conspiracy against him, that he placed the notice in the mailbox on the Friday prior to the expiration of the appeal period, but that "[d]ue to prison policy, that mail would not be picked up for processing by the prison mailroom [] sooner than Monday, August 10, 2015." Response to Show Cause Order, 9/3/2015, at ¶ 7. Upon these allegations, the rule was discharged and referred to the merits panel. Given the foregoing, along with the fact that the envelope attached to the notice of appeal in the record is consistent with Appellant's allegations in that it reflects a postage date of August 11, 2015, we conclude that the appeal was timely filed under the prisoner mailbox rule. **Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa. Super. 2011) ("Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing.").

On appeal, Appellant presents two questions regarding the merits of his petition. Appellant's Brief at 4. However, we first consider whether we have jurisdiction to address his substantive claims.

Appellant filed his petition invoking both the PCRA and *habeas corpus* law. "[T]he PCRA is intended to be the sole means of achieving post-conviction relief." **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa. Super. 2013). "Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*." **Id.** at 465-66. Because Appellant's illegal-sentence claims are cognizable under the PCRA, *habeas corpus* is not a viable vehicle for pursuing them. **See Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004) ("Issues concerning the legality of sentence are cognizable under the PCRA."). Accordingly, we examine this appeal under the rules applicable to a PCRA petition.

Under the PCRA, the timeliness of a post-conviction petition is jurisdictional. **See**, **e.g.**, **Commonwealth v. Lewis**, 63 A.3d 1274, 1280-81 (Pa. Super. 2013). "[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves,

that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b) and (c). There are no timeliness exceptions other than those provided in the PCRA itself. ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003) ("[T]he PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act.").

It is clear that Appellant's petition is facially untimely: his judgment of sentence became final more than one year before he filed the instant petition.[5] However, his petition includes the following.

> To the extent that this petition might be challenged as untimely, it is alleged that this petition is timely whereas the Pennsylvania Supreme Court has just decided, on or about June 15, 2015, the case of ***Commonwealth v.*** [***Hopkins***, 117 A.3d 247 (Pa. 2015)]. ***See***: 42 [Pa.C.S.] § 9545(b)(1). Furthermore, this Court has jurisdiction and inherent authority to correct manifest errors on the record. ***See***: ***Commonwealth v. Klein***, [] 781 A.2d 1133 [(Pa. 2001)] (inherent power of courts to correct patent and obvious errors), and ***Commonwealth v. Whitfield***,

---

[5] In some memoranda, this Court has stated that Appellant's judgment of sentence became final in 2006. ***See***, ***e.g.***, ***Commonwealth v. Piskanin***, 37 A.3d 1233 (Pa. Super. 2011) (unpublished memorandum at 1-2) ("Although Piskanin filed a direct appeal of his judgment of sentence, this Court dismissed the appeal on May 30, 2006, because he failed to file a brief. Piskanin did not file a petition for allowance of appeal to the Pennsylvania Supreme Court. Accordingly, his judgment of sentence became final on June 29, 2006."). However, in others this Court indicated that his sentence became final after this Court affirmed his judgment of sentence in 2009. ***See***, ***e.g***., ***Commonwealth v. Piskanin***, 105 A.3d 40 (Pa. Super. 2014) (unpublished memorandum at 1) (stating that this Court affirmed Appellant's judgment of sentence in 2009). Either way, the instant petition is facially untimely.

> 24 EAP 2004 [*aff'd sub nom* **Commonwealth v. Holmes**, 933
> A.2d 57 (Pa. 2007)]. **See also**: **Commonwealth v. Szuchon**,
> 633 A.2d 1098, 1100 (Pa. 1993) (miscarriage of justice).

Petition, 7/6/2015, at 1 (unnumbered) (unnecessary capitalization omitted; some punctuation and citation formats added).

In citing the **Hopkins** decision, Appellant appears to be invoking the following statutory timeliness exception: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii). However, in **Hopkins**, our Supreme Court merely applied **Alleyne** to hold that the mandatory minimum sentence found at 18 Pa.C.S. § 6317 (relating to drug activity in a school zone) was unconstitutional. The **Hopkins** Court did not recognize a new constitutional right, let alone hold that any such right applied retroactively. Furthermore, our Supreme Court has held that **Alleyne** itself does not apply retroactively to cases on collateral review. **Commonwealth v. Washington**, -- A.3d --, 2016 WL 3909088 (Pa. July 19, 2016). Thus, the **Hopkins** decision does not assist Appellant in establishing a timelines exception to the PCRA's limitations. [6]

---

[6] On July 21, 2016, Appellant filed what this Court has deemed an application for relief, asking this Court to take judicial notice of our Supreme Court's decision in **Commonwealth v. Wolfe**, 68 MAP 2015, 2016 WL

The remaining cases cited by Appellant are equally unavailing. The *Klein* and *Whitfield* cases have nothing to do with the PCRA, but address whether the filing of a notice of appeal divests a trial court of the power to correct patent errors. *See Klein*, 781 A.2d at 1133 ("The issue presented in this case is whether the Superior Court properly quashed Appellant's appeal from the June 23, 1999 sentencing order on the basis that a later order of the trial court 'implicitly vacated' the June 23rd order."); *Holmes*, 933 A.2d at 58 ("We granted review in these two cases to consider the interaction between a statute limiting the period of time during which a trial court may modify or rescind an order [(18 Pa.C.S. § 5505)] and the long-standing, inherent power of courts to correct patent errors in orders."). These cases offer Appellant no relief.

The *Szuchon* case, while a PCRA case, does not provide an equitable timeliness exception for a miscarriage of justice; rather it suggests that a PCRA petitioner must satisfy an additional pleading requirement in order for a court to consider a the merits of a serial PCRA petition. *Szuchon*, 633

_____

3388530 (Pa. June 20, 2016). We grant the application to the extent that it asks us to consider the applicability of the *Wolfe* decision on this appeal.

In *Wolfe*, the Court affirmed this Court's *sua sponte* determination that 42 Pa.C.S. § 9718, which provides mandatory minimum sentences for various crimes against children, is unconstitutional under *Alleyne*. *See Wolfe*, 2016 WL 3388530 at * 10 ("[W]e reaffirm *Hopkins* and find that Section 9718 is irremediably unconstitutional on its face, non-severable, and void."). Because *Wolfe* is useless to Appellant for the same reasons as *Hopkins*, our taking notice of *Wolfe* merits no relief to Appellant.

A.2d at 1099 ("[O]ur cases require that a second or subsequent petition for post-conviction relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." (citation and internal quotation marks omitted)).  Thus, the **Szuchon** decision is of no help to Appellant.

Appellant's PCRA petition was filed more than one year after his judgment of sentence became final and he has failed to establish the applicability of any PCRA timeliness exception.  Accordingly, we hold that the PCRA court properly dismissed Appellant's petition for lack of jurisdiction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 8/24/2016