J-S92001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN HARRIS, | |
| Appellant | No. 91 WDA 2015 |

Appeal from the Judgment of Sentence December 16, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011219-2009,
CP-02-CR-0012807-2009

BEFORE:  SHOGAN, MOULTON, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JANUARY 24, 2017**

Appellant, Shawn Harris, appeals from the judgment of sentence entered on December 16, 2014, following the revocation of his probation. We affirm.

The relevant facts and procedural history of this matter are as follows:

On March 15, 2010, Appellant, Shawn Harris, as part of a plea agreement, pled guilty at two informations.  At CC # 200911219, Appellant pled guilty [to] two counts of Firearms Not to be Carried Without a License[1], two counts of Person Not to Possess/Use Firearms[2], one count of Resisting Arrest[3] and one summary.  This Court sentenced Appellant at Firearms Not to be Carried Without a License to two to four years incarceration. This Court sentenced Appellant at the other Firearms Not to be Carried Without a License to two to four years incarceration concurrent [with] Count One.  At each of the Person Not to

_____

[*]  Retired Senior Judge assigned to the Superior Court.

Possess counts, this Court imposed two years of probation, consecutive to incarceration and to each other.[4]

[1] 18 Pa.C.S. [§]6106 (a)(1).

[2] 18 Pa.C.S. [§]6105 (a)(1).

[3] 18 Pa.C.S. [§]5104[.]

[4] This Court imposed no further penalty at the remaining counts.

At CC# 200912807, Appellant pled guilty to Firearms Not to be Carried Without a License, Person Not to Possess/Use Firearms, Receiving Stolen Property[5] (RSP), and three summaries. This Court sentenced him to two to four years of incarceration at the Firearms Not to be Carried Without a License count, run concurrent with the sentence imposed at the other information. At the Person Not to Possess/Use Firearms count, two years of probation consecutive to incarceration but concurrent to the other probation imposed. At the RSP count this Court imposed two years probation consecutive to the Person Not to Possess/Use Firearms count but concurrent with the other information.[6] The aggregate sentence imposed was 2-4 years incarceration with 4 years [of] probation consecutive to incarceration.

[5] 18 Pa.C.S. [§]3925 (a).

[6] This Court imposed no further penalty for the summaries.

On December 16, 2014, this Court found Appellant to be a technical violator [of] his probation. This Court revoked his probation and resentenced Appellant to 4 to 8 years of incarceration and four years of probation consecutive to incarceration.[1] Appellant filed a Notice of Appeal on

_____

[1] Specifically, after revoking Appellant's probation, the trial court resentenced Appellant as follows: At CP-02-CR-0012807-2009, the trial court imposed a sentence of two to four years of incarceration on the persons not to possess firearms charge followed by a consecutive term of

*(Footnote Continued Next Page)*

> January 15, 2015 and a Statement of Errors Complained of on Appeal on February 6, 2015.

Trial Court Opinion, 4/22/16, at 2-3.

On appeal, Appellant raises the following issue for this Court's consideration:

> Whether the aggregate revocation sentence of 4-8 years state incarceration was manifestly excessive and an abuse of discretion when the trial court did not consider the sufficiency of the sanctions already imposed on [Appellant], as well as the availability of community-based resources to address [Appellant's] serious rehabilitative needs?

Appellant's Brief at 9 (full capitalization omitted).

Appellant's issue on appeal presents a challenge to the discretionary aspects of his sentence. We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007). Additionally, we point out that while Appellant has appealed the discretionary aspects of a sentence following the

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

two years of probation for receiving stolen property. At CP-02-CR-0011219-2009, the trial court resentenced Appellant to a term of two to four years of incarceration on the persons not to possess firearms charge, consecutive to the sentence at CP-02-CR-0012807-2009, followed by a consecutive term of two years of probation on the additional charge of persons not to possess firearms. This sentence, as noted above, resulted in an aggregate term of four to eight years of incarceration followed by four years of probation.

- 3 -

revocation of his probation, such a challenge is permitted. ***See Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (stating that challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation are allowed).

As we observed in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id.*** at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006)). The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. ***Commonwealth v. Sierra***, 752 A.2d 910, 912-913 (Pa. Super. 2000).

Herein, Appellant filed a timely post-sentence motion;[2] however, the only issue raised in that post-sentence motion alleged that the sentence imposed was illegal. Motion, 12/18/14, at ¶4. The record reflects that the trial court corrected that sentencing error.[3] Trial Court Opinion, 4/22/16, at 4; Order Correcting Sentence, 4/13/15. Appellant failed to present a challenge to the discretionary aspects of his sentence at sentencing or in his post-sentence motion. The first time Appellant raised this issue was in his

_____

[2] We point out that while Appellant timely filed a post-sentence motion, he was required to file his notice of appeal before the trial court could rule on the motion. Post-sentence motions filed after sentences imposed following the revocation of probation do not toll the time in which to file an appeal. Pa.R.Crim.P. 708(E).

[3] Due to the fact that Appellant was constrained to file an appeal prior to the trial court ruling on his motion to correct sentence, the trial court would ordinarily be without jurisdiction to correct Appellant's sentence. *Commonwealth v. Martz*, 926 A.2d 514, 525 (Pa. Super. 2007) (citing 42 Pa.C.S. § 5505); Pa.R.Crim.P. 708(E). Although we recognize that the trial court corrected Appellant's sentence after he filed his notice of appeal, our Supreme Court has held that "under limited circumstances, even where the court would normally be divested of jurisdiction, a court may have the power to correct patent and obvious mistakes." *Commonwealth v. Klein*, 781 A.2d 1133, 1135 (Pa. 2001). Here, the patent error was that at docket number CP-02-CR-0012807-2009, the scrivener transposed the sentences at counts one and two. Thus, the trial court's order correcting the sentence merely directed that the judgment of sentence was to reflect the correct and legal sentence as stated in the transcript. Order, 4/13/15. Accordingly, we conclude the trial court had the authority to correct the patent mistake in Appellant's original sentencing order.

1925(b) statement. Accordingly, Appellant's challenge was waived. **Cartrette**, 83 A.3d 1042-1043.[4]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/2017

---

[4] We note that Appellant filed a *pro se* post-sentence motion that was dated December 21, 2014, and filed on the docket on December 30, 2014. However, Appellant was at all times represented by counsel, and hybrid representation is not permitted. **See Commonwealth v. Jette**, 23 A.3d 1032, 1036 (Pa. 2011) (concluding that a petitioner's *pro se* motion for remand when that petitioner is represented by counsel is impermissible as hybrid representation). This Court will not accept a *pro se* motion while an appellant is represented by counsel; *pro se* motions have no legal effect and are legal nullities. **See Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007) (discussing a *pro se* post-sentence motion filed by a petitioner who had counsel); **compare Commonwealth v. Williams**, ___ A.3d ___, 2016 PA Super 262 (Pa. Super. filed November 23, 2016) (distinguishing *pro se* notices of appeal from other filings that require counsel to provide legal knowledge and strategy where the defendant is represented by counsel). Thus, Appellant's *pro se* motion does not preserve his challenge to the discretionary aspects of his sentence. Assuming, however, for the sake of argument, that Appellant's *pro se* motion preserved his issue on appeal, we would affirm on the basis of the trial court's opinion. **See** Trial Court Opinion, 4/22/16, at 4-7.