781 A.2d 1133

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Maurice J. KLEIN, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 17, 2001.

Decided Oct. 4, 2001.

David Everett Cook, for M. Kline.

Brian Ray Sinnett, Hugh S. Rebert, York, for Commonwealth of Pennsylvania.

Before FLAHERTY, C.J., ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *OPINION*

CAPPY, Justice.

The issue presented in this case is whether the Superior Court properly quashed Appellant's appeal from the June 23, 1999 sentencing order on the basis that a later order of the trial court "implicitly vacated" the June 23rd order. For the reasons that follow, we reverse the Superior Court and remand the matter back to that court for disposition of this appeal on the merits.

By way of background, the record establishes that on May 13, 1999, a jury found Appellant guilty of simple assault, recklessly endangering another person, and accidents involving death or personal injury. On June 23, 1999, Appellant appeared before the trial court for sentencing. At the sentencing hearing, a dispute arose about the time that Appellant served in prison prior to trial. The pre-sentence investigation report reflected that Appellant served 33 days in prison. Defense counsel explained that Appellant recollected that he served only one day in prison and then was released on his own recognizance. However, the trial court sentenced Appellant based upon the record to time served (33 days) to twelve months of imprisonment.

Thereafter, the York County prison officials informed the trial court of the error in its records and accordingly, on June 25, 1999, the trial court *sua sponte* issued the following order:

The Court has been advised by the York County Prison Records, that the Defendant's credit time was incorrectly reported as 33 days (3/28/99 to 4/29/99) when in fact his credit time was 1 day (4/28/99 to 4/29/99). Based upon this misinformation, we direct the Defendant to reappear for re-sentencing on Wednesday, June 30, 1999, at 9:30 a.m.

Trial court order, 6/25/1999. On June 28, 1999, Appellant filed a Notice of Appeal from the June 23rd sentencing order raising various challenges to the underlying convictions.[1]

1. In his Notice of Appeal, Appellant asserted that the evidence was insufficient to support the convictions; that the guilty verdicts for an intent crime (simple assault) and an accidental crime were inconsistent;

At the June 30, 1999 sentencing hearing, Appellant raised a challenge to the trial court's jurisdiction to modify his sentence, based upon the fact that he previously filed a Notice of Appeal. The trial court concluded that it could correct the sentencing error and proceeded to sentence Appellant to one month to twelve months of imprisonment, crediting the time served as one day. Sentencing Hearing, 6/30/1999, p. 4–5. All other aspects of the June 23rd order were to remain in effect. *Id.* at 5.

The trial court issued a 1925(a) statement addressing the issues raised in Appellant's appeal. The court acknowledged that it technically lacked jurisdiction to modify Appellant's sentence, since Appellant filed a Notice of Appeal prior to the June 30th sentencing. However, the court concluded that it was within its authority to *sua sponte* modify the sentence to correct an error in the record. Trial court opinion, 9/9/1999, p. 7–9. Further, the court indicated that pursuant to Pa.R.A.P. 1701(b)(1), the court was permitted to take actions that were ancillary to the appeal. *Id.* at 7.

On appeal, the Superior Court quashed the appeal in a memorandum opinion. The court reasoned that the implication of the June 25th order was to vacate the June 23rd order, since the sentencing judge left no doubt that he would be resentencing Appellant using the correct information. Thus, the June 23rd order was "implicitly vacated" on June 25th and Appellant improperly filed an appeal from the June 23rd order.

Judge Musmanno dissented on the basis that the majority created a "legal fiction" in holding that the trial court's June 25th order implicitly vacated the June 23rd order. Further, the trial court had no authority to re-sentence Appellant on June 30, 1999, since Appellant filed a Notice of Appeal on June 28th. 42 Pa.C.S. § 5505. Accordingly, the dissent would affirm the original judgment of sentence on June 23, 1999.

and that the offenses of reckless endangerment and simple assault merge for purposes of sentencing.

This court granted allowance of appeal to consider whether the Superior Court properly determined that the June 23rd sentencing order was implicitly vacated by the June 25th order scheduling a hearing. Further, since we conclude that the June 25th order did not implicitly vacate the earlier order, we must consider whether the trial court lacked jurisdiction to modify Appellant's sentence on June 30th since Appellant filed a Notice of Appeal on June 28, 1999.

The law is clear that a court may modify or rescind any order within 30 days after its entry, if no appeal has been taken. 42 Pa.C.S. § 5505; Pa.R.A.P. 1701(a). Thus, where a Notice of Appeal has been filed, the trial court cannot act further in the matter. However, this rule must be read in conjunction with a court's inherent powers "to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record, even after the lapse of the term." *Commonwealth v. Cole*, 437 Pa. 288, 263 A.2d 339, 341 (1970); *see also Commonwealth v. Rohrer*, 719 A.2d 1078, 1080 (Pa.Super.1998); *Commonwealth v. Quinlan*, 433 Pa.Super. 111, 639 A.2d 1235, 1239 (1994). For example, in *Cole* the court held that an order granting both a new trial and a motion in arrest of judgment was patently erroneous as such relief was irreconcilable. This court concluded that the lower court had an inherent power to correct such obvious and patent mistakes beyond the expiration of the thirty-day statutory limit. *Cole*, 263 A.2d at 341. Thus, under limited circumstances, even where the court would normally be divested of jurisdiction, a court may have the power to correct patent and obvious mistakes.

In the instant case, the Superior Court's holding that the June 25th order "implicitly vacated" the June 23rd order was in error. First, this court has never indicated that an order may "implicitly vacate" an earlier order and § 5505 does not provide for such ambiguity. *See Commonwealth v. Gordon*, 329 Pa.Super. 42, 477 A.2d 1342 (1984)(court order scheduling hearing on motion for reconsideration within thirty-day

period did not preserve that court's jurisdiction where the order failed to expressly grant reconsideration of sentence). Rather, § 5505 makes clear that if a Notice of Appeal has been filed, and the prior order is still in full force and effect, then the lower court is divested of jurisdiction. Second, the trial court's June 25th order did not vacate the June 23rd order, but merely ordered the Appellant to appear for re-sentencing. Indeed, even at the June 30th hearing, the trial court did not vacate the earlier order, but merely modified the terms of the earlier order. In light of the trial court's failure to vacate the June 23rd order, it was divested of jurisdiction to proceed further in the matter following the filing of Appellant's Notice of Appeal. 42 Pa.C.S. § 5505.

However, as noted previously, we must necessarily consider whether the trial court had the authority to modify the June 23rd order.[2] At the original sentencing hearing, the trial court made clear that its intent was that Appellant would serve one month in prison. In order to accomplish this, it sentenced Appellant to time served, 33 days, to twelve months based upon the erroneous record supplied by the York County prison. It then corrected this mistake at the June 30th sentencing hearing, by essentially issuing the same sentence, but crediting Appellant with only one day for time served. While normally a court would not be permitted to take such action once it was divested of jurisdiction pursuant to § 5505, we find that under the limited circumstances of this case, the court could take further action in this matter since it was merely correcting a patent defect or mistake in the record. *Cole.*

Accordingly, for the reasons stated herein, we reverse the Order of the Superior Court quashing Appellant's appeal. Further, we remand this matter to that court for consideration

**2.** As noted supra, in concluding that it could correct the error, the trial court also relied on Pa.R.A.P. 1701(b)(1) in support of its position. Any exceptions to § 5505 are to be narrowly construed, *Quinlan supra,* and there is no reason to consider whether Rule 1701(b)(1) is a narrow exception to this general rule in this case, since we find that the trial court had the power to act in this matter based upon its inherent power.

of the issues raised in that appeal, except for the issue that the trial court did not have jurisdiction to modify Appellant's sentence on June 30, 1999.