Reginald H. BOGLIN

v.

COMMONWEALTH OF PENNSYLVA-
NIA, DEPARTMENT OF TRANS-
PORTATION, BUREAU OF DRIVER
LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 25, 2010.

Decided July 23, 2010.

Terrance M. Edwards, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

No appearance entered on behalf of appellee.

BEFORE: PELLEGRINI, Judge, and SIMPSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the August 20, 2009, order of the Court of Common Pleas of Philadelphia County (trial court), which sustained the appeal of Reginald H. Boglin (Licensee) challenging DOT's suspension of his driver's license. We reverse.

In October 2008, DOT notified Licensee that his operating privileges were suspended. Licensee filed a timely appeal, and a hearing was scheduled for January 13, 2009. When Licensee did not appear at the hearing, The Honorable Peter Rogers entered an order, dated January 13, 2009, denying Licensee's appeal. (R.R. at 27a.) Licensee did not appeal the order or seek reconsideration.

In an order filed on January 26, 2009, the trial court stated that, "by agreement," the matter was rescheduled for April 16, 2009.[1] (R.R. at 28a.) That hearing was

---

1. The order filed on January 26, 2009, is dated January 16, 2009, and states:

AND NOW, TO WIT, THIS 16th day of January, 2009 this matter has been resched-

later rescheduled for August 6, 2009, and, afterward, for August 20, 2009. (R.R. at 29a, 46a.) By order docketed on August 7, 2009, Judge Rogers vacated his January 13, 2009, order denying Licensee's appeal. (R.R. at 30a.)

DOT filed a motion for reconsideration, arguing that the August 7, 2009, order is a nullity because the trial court lacked jurisdiction to vacate the January 13, 2009, final order. In support of its motion, DOT cited section 5505 of the Judicial Code, 42 Pa.C.S. § 5505 (stating that, except as otherwise provided by law, a court upon notice to the parties may rescind any order within thirty days after its entry if no appeal from such order has been taken). DOT also submitted a memorandum of law citing case law holding that: (1) a trial court loses jurisdiction to rescind an order once it becomes final; (2) the issue of jurisdiction cannot be waived; and (3) parties cannot confer jurisdiction on a court where jurisdiction is otherwise lacking. (R.R. at 39a–42a.) By order docketed on August 17, 2009, Judge Rogers vacated the August 7, 2009, order pending disposition of DOT's motion. (R.R. at 31a.) In another order dated August 17, 2009, Judge Rogers denied DOT's motion for reconsideration. (R.R. at 45a.)

On August 20, 2009, after a hearing, The Honorable Sandra Mazer Moss entered an order sustaining Licensee's appeal and rescinding DOT's suspension of Licensee's operating privileges. (R.R. at 24a, 47a.) DOT now appeals to this court.

DOT argues that: (1) the January 13, 2009, order was a final order; (2) the trial court did not rescind it within thirty days of entry pursuant to section 5505 of the Judicial Code; (3) the parties could not confer jurisdiction on the trial court by agreeing to reschedule the matter via the January 26, 2009, order; and, (4) thus, the trial court lacked jurisdiction when it issued the August 20, 2009, order sustaining Licensee's appeal. We agree.

A court may rescind an order within thirty days after its entry. 42 Pa.C.S. § 5505. Here, the trial court did not rescind the January 13, 2009, order within thirty days of entry. The trial court did issue an order within thirty days rescheduling the matter. However, section 5505 does not contemplate the issuance of an order within thirty days that "implicitly vacates" an earlier order. *Commonwealth v. Klein*, 566 Pa. 396, 400, 781 A.2d 1133, 1135 (2001). In other words, a section 5505 order must clearly and unambiguously state that the prior order is rescinded. Because the trial court failed to rescind its January 13, 2009, order within thirty days of entry, the trial court lacked jurisdiction to issue its August 20, 2009, order.[2]

Accordingly, we reverse.

### ORDER

AND NOW, this 23rd day of July, 2010, the order of the Court of Common Pleas of

---

uled by agreement to April 16th 2009 at 9:00 a.m. Please report to Courtroom 653, City Hall, Broad & Market Streets, Philadelphia, PA 19107. All Attorneys, Witnesses, and Parties are hereby attached for trial throughout this hearing date. (R.R. at 28a.)

2. The trial court stated that a court may modify orders beyond the thirty-day period where doing otherwise would be inequitable, pointing out that Licensee missed the January 13,

2009, hearing due to a scheduling conflict between courts. The trial court is correct that, under certain circumstances, it may modify orders beyond the thirty-day period on equitable grounds. However, equity does not apply where the litigant has other remedies. Here, Licensee failed to seek a continuance of the January 13, 2009, hearing or reconsideration of the January 13, 2009, order. Having failed to avail himself of such remedies, Licensee is not entitled to equitable relief.

Philadelphia County, dated August 20, 2009, is hereby reversed.