J-S25014-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LOUIS MICHAEL PINDER | |
| Appellant | No. 1182 MDA 2013 |

Appeal from the Judgment of Sentence June 3, 2013
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003169-2009

_____

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LOUIS MICHAEL PINDER | |
| Appellant | No. 1183 MDA 2013 |

Appeal from the Judgment of Sentence June 3, 2013
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000459-2013

BEFORE:  OTT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 09, 2014**

Louis Michael Pinder brings these consolidated appeals from the judgments of sentence originally entered April 30, 2013, and subsequently modified on June 3, 2013, in the Berks County Court of Common Pleas.  On April 30, 2013, Pinder was sentenced to an aggregate term of three to 23

months' incarceration following his guilty plea, at Docket No. CR-459-2013, to charges of fleeing or attempting to elude police officer and driving while operating privilege is suspended (DUS).[1]  That same day, he was sentenced to a consecutive 364 to 728 days' incarceration, at Docket No. CR-3169-2009, for violating his previously imposed probation.  On June 3, 2013, the trial court entered amended sentencing orders in both cases indicating that the sentences were to be served in a state correctional facility, rather than the Berks County prison as previously designated.  On appeal, Pinder challenges both the legality and discretionary aspects of the trial court's June 3, 2013, amended/corrected sentencing orders, as well as the ineffectiveness of trial counsel.  For the reasons set forth below, we affirm.

The facts underlying this appeal are as follows.  On August 10, 2009, Pinder entered a negotiated guilty plea to charges of terroristic threats and simple assault at CR-3169-2009.[2]  In exchange for the plea, Pinder was sentenced to two consecutive terms of two years' probation.  However, in December of 2012, he was arrested on charges of fleeing and eluding police and DUS.  On April 30, 2013, Pinder entered a negotiated guilty plea to the new charges at CR-459-2013, and was sentenced to a term of 3 to 23

---

[1] 75 Pa.C.S. §§ 3733 and 1543, respectively.

[2] 18 Pa.C.S. §§ 2706 and 2701, respectively.

months' imprisonment for the fleeing and eluding charge and a concurrent 30 days' incarceration for the DUS charge. At the same proceeding, the trial court held a **Gagnon** II[3] hearing for the violation of his 2009 probation. Pinder admitted the violation, and requested a county sentence, particularly since the trial court had just imposed a county sentence on the 2013 charges. The Adult Probation Office, however, recommended a state sentence of 12 to 24 months' imprisonment. At the conclusion of the hearing, the trial court imposed a sentence of 364 to 728 days' imprisonment, to be served consecutively to the sentence imposed at CR-459-2013. N.T., 4/30/2013, at 9-13. The sentencing orders indicated that both sentences were to be served in the Berks County prison. **See** Sentence Order, 4/30/2013, CR-459-2013; Sentence Order, 4/30/2013, CR-3169-2013.

On May 10, 2013, Pinder filed a timely post sentence motion seeking a new **Gagnon** II hearing. Pinder argued that, although the trial court intended to impose a county sentence in both cases, the two sentences, run consecutively, would be aggregated and result in a state sentence. **See** Post Sentence Motion, 5/10/2013, at 1. The trial court promptly denied the post sentence motion on May 15, 2013.

---

[3] **Gagnon v. Scarpelli**, 411 U.S. 788 (1973).

Thereafter, on June 3, 2013, the trial court entered amended/corrected sentencing orders in both of the above captioned cases. The only correction to the orders was the place of confinement, *i.e.*, a state correctional facility rather than the Berks County prison. On June 14, 2013, Pinder filed a post sentence motion *nunc pro tunc* seeking modification of the newly imposed sentences. The court conducted a hearing on July 3, 2013, at the conclusion of which it denied Pinder's motion. This timely appeal followed.[4]

Preliminarily, we note Pinder's challenge to the effective assistance of trial counsel must be deferred until collateral review. Recently, the Pennsylvania Supreme Court in **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), reaffirmed the general rule first set forth in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." **Holmes**, **supra**, 79 A.3d at 576. Although the **Holmes** Court recognized two exceptions to that general rule,

---

[4] On July 11, 2013, the trial court ordered Pinder to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. After receiving two extensions of time, and the appointment of new counsel, Pinder complied with the court's directive and filed a concise statement on September 6, 2013.

neither is applicable here.[5]  Accordingly, we dismiss Pinder's ineffectiveness claims without prejudice to him to raise them in a timely collateral proceeding.

Pinder next challenges the legality of the court's amended sentences. Specifically, he argues the trial court had no jurisdiction to amend/correct his sentencing order more than 30 days after it was entered.  Further, he contends the amended order did not simply correct a clerical error, but rather, reflected a "substantial change to the original sentencing order … [and i]n fact, the change is contradictory to everything that occurred at the re-sentencing hearing."  Pinder's Brief at 21.

Pursuant to 42 Pa.C.S. § 5505, a trial court "may modify or rescind any order within 30 days after its entry, … if no appeal from such order has been taken or allowed."  Once that 30-day period has expired, or an appeal has been filed, a trial court is generally divested of jurisdiction.  However, the Supreme Court has explained that:

---

[5] The **Holmes** Court limited those exceptions to the following:  (1) where the trial court determines that a claim of ineffectiveness is "both meritorious and apparent from the record so that immediate consideration and relief is warranted[;]" or (2) where the trial court finds "good cause" for unitary review, and the defendant makes a "knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA."  **Holmes**, **supra**, 79 A.3d at 564, 577 (footnote omitted).

[T]his rule must be read in conjunction with a court's inherent powers "to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record, even after the lapse of the term." … Thus, under limited circumstances, even where the court would normally be divested of jurisdiction, a court may have the power to correct **patent and obvious mistakes**.

*Commonwealth v. Klein*, 781 A.2d 1133, 1135 (Pa. 2001) (citations omitted and emphasis supplied).

A review of the facts in *Klein*, *supra*, is instructive. There, the trial court originally imposed a sentence of time-served to 12 months' imprisonment based upon its mistaken belief that Klein served 33 days in prison. When the court learned that Klein had served only one day in prison before being released, the court entered an order directing Klein to appear for resentencing. The order did **not**, however, vacate the original sentence, and in the meantime, Klein filed a notice of appeal from the original judgment of sentence. At the resentencing hearing, over Klein's objection, the trial court imposed a sentence of one month to 12 months' imprisonment, reflecting a credit for the one day of time served. *Id.* at 1133-1134. On appeal, the Supreme Court held the trial court had the authority to modify Klein's sentence even after a direct appeal had been filed. The *Klein* Court explained the trial court "was merely correcting a patent defect or mistake in the record," and that the trial court "essentially issu[ed] the same sentence, but credit[ed Klein] with only one day of time served." *Id.* at 1135. *See also Commonwealth v. Wesley*, 688 A.2d

201, 203 (Pa. Super. 1997) (holding that trial court had authority to correct "obvious and patent error" in original sentence 31 days after it was entered; defendant was originally permitted to serve sentence of eight to 23 months' imprisonment on **60 consecutive weekends**, however, court amended the order, directing the sentence to be served on **120 consecutive weekends** to reflect correct minimum term).

Here, the inherent problem with Pinder's original sentence was the aggregation of the two sentences pursuant to 42 Pa.C.S. § 9762.

Section 9762 provides, in relevant part:

(b) Sentences or terms of incarceration imposed after a certain date.--All persons sentenced three or more years after the effective date of this subsection [November 24, 2008] to total or partial confinement shall be committed as follows:

(1) Maximum terms of five or more years shall be committed to the Department of Corrections for confinement.

(2) Maximum terms of two years or more but less than five years shall be committed to the Department of Corrections for confinement, except upon a finding of all of the following:

(i) The chief administrator of the county prison, or the administrator's designee, has certified that the county prison is available for the commitment of persons sentenced to maximum terms of two or more years but less than five years.

(ii) The attorney for the Commonwealth has consented to the confinement of the person in the county prison.

(iii) The sentencing court has approved the confinement of the person in the county prison within the jurisdiction of the court.

(3) Maximum terms of less than two years shall be committed to a county prison within the jurisdiction of the court.

* * * *

(f) Aggregation.--For purposes of this section, the sentences or terms of incarceration shall mean the entire continuous term of incarceration to which a person is subject, notwithstanding whether the sentence is the result of any of the following:

(1) One or more sentences.

(2) Sentences imposed for violations of probation or intermediate punishment.

(3) Sentences to be served upon recommitment for violations of parole.

(4) Any other manner of sentence.

42 Pa.C.S. § 9762(b), (f).

As the trial court explained in its opinion, it was under the "mistaken belief that [Pinder] would be legally eligible for confinement in county prison pursuant to 42 Pa.C.S. § 9762." Trial Court Opinion, 10/3/2013, at 4. Indeed, the trial court had anticipated Pinder would be immediately paroled on CR-459-2013, because his credit for time served exceeded the minimum sentence. *Id.* at 3. *See also* N.T., 7/13/2013, at 8. However, when the court subsequently learned that there was never "any intention to parole him at that time[,]" it realized that under subsection 9762(f), his consecutive sentences would be aggregated, and result in a maximum term

of more than two years' imprisonment. Trial Court Opinion, 10/3/2013, at 3. Therefore, because Pinder's "parole status made him statutorily ineligible" for confinement in a county prison, and the court had acted outside its statutory authority, it amended the sentencing orders to direct Pinder to serve the sentences in a state correctional facility. *Id.* at 4.

We agree. Under the plain language of subsection (f) of the statute, the trial court was **required to aggregate** the two sentences imposed consecutively on April 30, 2013, so that Pinder's maximum term of imprisonment was more than two years, but less than five years' imprisonment. As such, under subsection (b)(2), the trial court was **required** to commit Pinder to a state correctional facility unless (1) the chief administrator of the Berks County prison certified that the prison was available for confinement of defendants sentenced to a maximum term between two and five years' imprisonment, (2) the attorney for the Commonwealth consented to county confinement, **and** (3) the trial court approved county confinement. *See* 42 Pa.C.S. § 9762(b)(2). Here, neither the chief administrator of the Berks County prison,[6] nor the Commonwealth, consented to Pinder's confinement at the county level. Accordingly, the trial

---

[6] The trial court noted in a footnote in its opinion that "the warden of the Berks County Prison has declined to certify that facility for the housing of prisoners serving state sentences with a maximum of between 2 and 5 years." Trial Court Opinion, 10/3/2013, at 3 n.5.

court had no authority to order Pinder to serve his sentence in the Berks County prison.

We conclude that the error in the original sentencing order, regarding the proper place of confinement, constituted a "patent and obvious mistake" which the trial court had the power to correct 34 days after the order was entered. ***Klein***, ***supra***. Accordingly, the June 3, 2013, amended sentencing order correcting that error was not illegal, and Pinder's legality of sentencing argument fails.

Pinder also challenges the discretionary aspects of his sentence, arguing that the amended/corrected sentences were unreasonable and excessive in light of the sentencing scheme as a whole. Specifically, he contends a review of the sentencing transcript reveals the trial court intended to impose a county sentence in both cases. Therefore, Pinder requests we vacate both sentences, and remand for a new sentencing hearing.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. Hoch***, 936 A.2d 515, 518 (Pa. Super. 2007) (citation omitted). In order to reach the merits of such a claim, this Court must determine:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether

appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011) (footnotes omitted). Here, Pinder filed a timely post sentence motion challenging the discretionary aspects of his sentence, as well as a second post sentence motion *nunc pro tunc*, and a timely direct appeal. Moreover, his brief includes the requisite statement pursuant to Pa.R.A.P. 2119(f), setting forth the reasons relied upon for allowance of appeal. Therefore, we may proceed to determine whether Pinder has set forth a substantial question that his sentence is inappropriate under the Sentencing Code. ***See Commonwealth v. Titus***, 816 A.2d 251, 255 (Pa. Super. 2003).

A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1133 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted). In this case, Pinder appears to argue that the trial court abused its discretion in ordering his sentences to run consecutively, when such a directive was contradictory to the court's intention to allow Pinder to serve his time in the Berks County prison.

The decision whether to impose consecutive sentences is generally left to the discretion of the trial court, and raises a substantial question for our

review "in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (quotation omitted), *appeal denied*, 77 A.3d 1258 (Pa. 2013). No such "extreme circumstances" exist in the present case.

While the trial court originally agreed to allow Pinder to serve both sentences in the Berks County prison, the court learned, soon thereafter, that it had no authority to do so, and amended the sentencing orders. The trial court made clear that "[i]t was never our intention to impose a concurrent sentence." Trial Court Opinion, 10/3/2013, at 4. During the hearing on post-sentence motions, the court explained:

> Now I'm asked on behalf of [Pinder] to radically reduce the [violation of probation] sentence imposed at 3169 of 2009, in order to maintain [Pinder's] status as a county sentence, as opposed to a state prison sentence.
>
> In order for me to do that, I would have to greatly reduce the sentence that I intended to impose, which is aggregated by the notion of – that there is probably significant credit time that [Pinder] would be entitled to have.
>
> I detect no sense of remorse whatever from [Pinder]. I have no doubt that he remains a danger to the community. I have no doubt that I will see him again in here in the near future once he is released on parole from these sentences and, therefore, despite the fact that I made an attempt based on a mistaken assumption to keep [Pinder] in the county, that effort on my part failed.

N.T., 7/13/2013, at 9-10. Therefore, it is evident the trial court acted within its discretion when it imposed consecutive sentences, and had no intention

to reduce the amount of time Pinder would serve in prison to effectuate a county sentence. Accordingly, we conclude Pinder has failed to raise a substantial question justifying our review.[7]

Judgments of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/2014

---

[7] We note our review of the record reveals that both the three to 23 month sentence imposed for fleeing or attempting to elude police officer under CR-459-2013, and the 364 to 728 day sentence imposed for violation of his probation for the simple assault charge under CR-3169-2009, fell within the standard range of the sentencing guidelines. *See* Guideline Sentence Form, 4/30/2013, at CR-459-2013; Guideline Sentence Form, 8/10/2009, at CR-3169-2009. Therefore, to obtain relief, Pinder would have to demonstrate that his case "involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S. § 9781(c)(2). This, he has failed to do.