J. A03039/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL SCHRINER AND ROBIN SCHRINER | : | IN THE SUPERIOR COURT OF |
| Appellants | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| OTTO SCHAFFHAUSER, ET AL | : | |
| | : | |
| | : | No. 853 MDA 2016 |
| | : | |

Appeal from the Order Entered May 19, 2016
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2004—CV-5200

BEFORE: LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.: **FILED APRIL 26, 2017**

Appellants, Michael Schriner and Robin Schriner, appeal from the May 19, 2016 Order[1] vacating the March 29, 2010 Judgment entered in this matter following a jury trial on damages. The court entered the May 19, 2016 Order in accordance with its April 22, 2016 Order granting summary judgment in a separate case proceeding in the Dauphin County Court of Common Pleas at docket number 2015-CV-2735.[2] After careful review, we

---

[1] Appellants also filed a Praecipe to Enter Judgment on May 19, 2016, in an apparent effort to ensure the existence of a final order for purposes of appeal. ***See*** Pa.R.A.P. 341(b).

[2] Appellants' appeal from the April 22, 2016 Order is pending before this Court. ***See Schriner v. One Beacon Ins. Co., et al.***, No. 852 MDA 2016.

reverse the May 19, 2016 Order, and reinstate the March 29, 2010 Judgment.

A detailed recitation of the facts is unnecessary for purposes of our disposition. Briefly, on November 29, 2004, Appellants initiated a civil action against Defendants Walter, Otto and Louis Schaffhauser ("Walter," "Otto," and "Louis") by Writ of Summons and, on December 1, 2005, filed their Fourth Amended Complaint. Walter, represented by Kevin McKenna, Esquire, filed Preliminary Objections, on December 22, 2005. Otto and Louis, represented by Jordan Cunningham, Esquire, filed Preliminary Objections, which were substantially similar to those filed by Walter, on March 31, 2006.

On April 28, 2006, the trial court sustained Walter's Preliminary Objections and dismissed him from the action. However, the attorneys for Otto and Louis did not *praecipe* the trial court to rule on their Preliminary Objections and, thus, the trial court never disposed of them.

Although the trial court had dismissed Walter from the 2004 Lawsuit when it sustained his Preliminary Objections, Appellants, Otto and Louis executed a Joint Tortfeasor Release ("2009 Release") on May 22, 2009. Under the terms of the 2009 Release, Appellants released Otto and Louis from liability in the 2004 Lawsuit in exchange for the assignment of the right to seek contribution from Walter or assert a bad faith claim against his insurance companies.

On August 11, 2009, Appellants' attorney, David Knauer, while still representing Appellants, entered his appearance in the 2004 Lawsuit on behalf Otto, and withdrew Otto's Preliminary Objection. Then on November 10, 2009, after Jordan Cunningham, Esquire, Administrator of the Estate of Louis Schaffhauser, withdrew pending Preliminary Objections on behalf of Louis, Attorney Knauer entered his appearance on behalf of Defendant Louis, and filed a Praecipe to Enter Judgment on the issue of liability in favor of Appellants.

Notwithstanding that Appellants had released Otto and Louis from liability in the 2004 Lawsuit by entering into the 2009 Release, the parties proceeded to a jury trial on damages in March 2010. Since the proceeding was not adversarial, not surprisingly the jury awarded Appellants $5,100,000.[3] On March 29, 2010, the court entered Judgment on the jury's verdict.[4] Otto and Louis did not appeal from entry of that Judgment because Appellants had released them from liability.

Appellants subsequently filed two separate cases, one in 2010 ("2010 Lawsuit") seeking to enforce this judgment against Walter, and one in 2011

---

[3] Attorney Knauer, representing both parties in this adversarial proceeding, conceded Louis and Otto's liability. We question how Attorney Knauer met his responsibilities under the Rules of Professional Responsibility by representing Appellants, as well as Otto and Louis, at trial.

[4] Upon consideration of Appellants' Motion for Delay Damages, on April 14, 2010, the court subsequently adjusted this amount to $6,690,275.

("2011 Lawsuit') raising, *inter alia*, bad faith claims against Walter's insurers. The trial court resolved the 2010 Lawsuit in Walter's favor when it granted Walter's Motion for Summary Judgment. The court resolved the 2011 Lawsuit on April 22, 2016, when it granted the insurers' Motion for Summary Judgment. Relevant to the instant matter, in the April 22, 2016 Order the trial court also *sua sponte* vacated the March 29, 2010 Judgment in favor of Appellants.

Following entry of the April 22, 2016 Order in the 2011 Lawsuit, on May 19, 2016, the trial court entered the order on appeal herein, which vacated the March 29, 2010 Judgment.

On appeal, Appellants argue that the trial court sitting in the 2011 Lawsuit was without jurisdiction to vacate the March 29, 2010 Judgment entered in the 2004 Lawsuit more than six years after its entry. We agree.

Section 5505 of the Judicial Code provides that, "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S.A. § 5505. Exceptions to the 30-day period are permitted "to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions

in the record[.]"[5] ***Commonwealth v. Klein***, 781 A.2d 1133, 1135 (Pa. 2001) (citation omitted).

Our review of the record indicates that more than 30 days passed between the time the court entered Judgment on the docket on March 29, 2010, and the court vacated the Judgment on May 19, 2016. Moreover, no party appealed from the entry of Judgment in 2010. It is evident that the trial court's action in this case amounted to more than an effort to "amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record." ***Klein***, ***supra*** at 1135. Here, in vacating the Judgment, the trial court not only exceeded its jurisdiction by reaching back six years in time, but also by taking action in a separate case, presided over by a different jurist, with different defendants, and raising different causes of action.

---

[5] We acknowledge that "where there is a showing of fraud or another circumstance so grave or compelling as to constitute extraordinary cause justifying intervention by the court . . . then a court may open or vacate its order after the 30-day period has expired." ***First Union Mortgage Corp. v. Frempong***, 744 A.2d 327, 334 (Pa. Super. 1999) (citation and quotation omitted). Although the facts of this case, especially the fact that Mr. Knauer represented all of the parties at the trial, could establish a showing of fraud or other extraordinary cause, we cannot apply this principle for two procedural reasons. First, we find no legal authority that authorizes the trial court to strike a Judgment in a docket not before it. Second, the Superior Court previously addressed the issue of the validity of the 2010 Judgment when it refused to permit the Appellees' to intervene in order to strike the 2010 Judgment. ***See Schriner, et ux. v. Shaffhauser, et al. v. Looker Wolfe & Gephart Ins., et al.***, No. 1762 MDA 2012, unpublished memorandum at 1 (Pa. Super. filed June 18, 2013) (concluding motion to intervene was untimely filed; thus, intervenor status should not have been granted and the judgment strike was, therefore, inappropriate).

Accordingly, we conclude that the trial court lacked jurisdiction to vacate the March 29, 2010 Judgment. We, therefore, reverse the trial court's May 19, 2016 Order.

Order reversed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/2017