J. S44041/19

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ADAM WADE BARAN, | : | No. 523 WDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered March 15, 2019,
in the Court of Common Pleas of Warren County
Criminal Division at No. CP-62-CR-0000458-2018

BEFORE:  SHOGAN, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        FILED FEBRUARY 04, 2020

Adam Wade Baran appeals from the March 15, 2019 judgment of sentence of an aggregate 12 months to 5 years' imprisonment entered in the Court of Common Pleas of Warren County after appellant pleaded guilty to driving under the influence ("DUI") – Schedule I controlled substance, second offense; driving while under DUI-related suspension; operating a vehicle without required financial responsibility; careless driving; violating hazard regulations; failure to use a seat belt; and violations of use of certificate of inspection.[1]  We affirm.

---

[1] 75 Pa.C.S.A. §§ 3802(d)(1)(i), 1543(b)(1.1)(i), 1786(f), 3714(a), 4305(a), 4581(a)(2)(ii), and 4730(a)(2), respectively.

The record reveals that on March 15, 2019,[2] appellant was advised of his post-sentence rights and then sentenced by the trial court to an aggregate 12 months to 5 years' imprisonment. Appellant did not object to the sentence after it was imposed. Appellant did not file a post-sentence motion. On March 29, 2019, appellant filed a timely notice of appeal. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. The trial court subsequently filed its Rule 1925(a) opinion.[3]

Appellant raises the following issue for our review:

> Whether the [trial c]ourt abused its discretion in its imposition of a sentence for [appellant] to serve at Count 3, Driving Under the Influence, a Tier 3, Second Offense, graded as an M1, a State Correctional Institution sentence for a minimum of twelve (12) months to a maximum of five (5) years[?]

---

[2] We note that the sentencing order was entered on March 15, 2019. The trial court, however, filed an amended sentencing order that was entered on May 3, 2019, in which the trial court corrected a patent defect in the sentencing order; namely, its mistaken reference to "Count 1" in the original sentencing order when it meant "Count 3" as reflected in the amended sentencing order. Although a trial court is divested of jurisdiction to modify any sentencing order once a notice of appeal has been filed, under limited circumstances, as is the case here, the trial court still has the power to correct patent and obvious mistakes in the record. See Commonwealth v. Klein, 781 A.2d. 1133, 1135 (Pa. 2001) (holding that once the trial court is divested of jurisdiction upon the filing of a notice of appeal, the trial court has limited power to correct only a patent defect or mistake in the record).

[3] We note the trial court referred to its memorandum opinion as being filed pursuant to Rule 1925(b).

Appellant's brief at 5.[4]

Appellant challenges the discretionary aspects of his sentence arguing that the trial court abused its discretion by sentencing appellant to incarceration at a state correctional institution instead of imposing a county intermediate punishment sentence. (Id. at 14-17.)

> It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." Commonwealth v. Dunphy, 20 A.3d 1215, 1220 (Pa.Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his appeal as a petition for allowance of appeal. Commonwealth v. W.H.M., 932 A.2d 155, 162 (Pa.Super. 2007). As we stated in Commonwealth v. Moury, 992 A.2d 162 (Pa.Super. 2010):
>
>> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

---

[4] We note that the Commonwealth filed a letter in lieu of a brief stating it was in agreement with the trial court's Rule 1925(a) opinion. (See Commonwealth's letter, 6/24/19.)

> Id. at 170. We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence. Commonwealth v. Kenner, 784 A.2d 808, 811 (Pa.Super. 2001).

Commonwealth v. Hill, 210 A.3d 1104, 1116 (Pa.Super. 2019) (brackets in original text). If appellant fails to raise a challenge to the discretionary aspects of a sentence either by presenting a claim to the trial court at the time of sentencing or in a post-sentence motion, then appellant's challenge is considered waived. Commonwealth v. Lamonda, 52 A.3d 365, 371 (Pa.Super. 2012) (en banc) (citation omitted), appeal denied, 75 A.3d 1281 (Pa. 2013). A substantial question exists when appellant has presented a colorful argument that the sentence imposed is either (1) inconsistent with a specific provision of the Sentencing Code; or (2) is "contrary to the fundamental norms which underlie the sentencing process." Commonwealth v. Mastromarino, 2 A.3d 581, 585 (Pa.Super. 2010), appeal denied, 14 A.3d 825 (Pa. 2011).

Here, the record reflects that appellant filed a timely notice of appeal and included a Pa.R.A.P. 2119(f) statement in his brief. (Appellant's brief at 11-13.) Appellant, in presenting mitigating factors and an argument in favor of intermediate punishment prior to the trial court's imposing its sentence, stated, "[m]y hope would be that the [trial c]ourt would consider an [i]ntermediate [p]unishment sentence that would keep a focus on the mandatory minimum and the required minimum on the driving on [a]

DUI suspended license . . . ." (Sentencing hearing transcript, 3/15/19 at 9.) However, after the trial court imposed its sentence, which included incarceration in a state facility, appellant did not object to the sentence. (Id. at 15.) The record demonstrates that appellant did not file post-sentence motions. Appellant, having failed to properly preserve his challenge to the discretionary aspect of his sentence, has waived his challenge. Consequently, appellant failed to invoke this court's jurisdiction.[5]

Judgment of sentence affirmed.

---

[5] Even if appellant had properly preserved his discretionary sentencing challenge, appellant also failed to present a substantial question that the sentence imposed was not appropriate under the Sentencing Code. The record reveals that appellant had a Sentencing Level Score of 3. (See guideline sentencing form, 3/18/19 at 1.) Under Section 303.11 of the Pennsylvania Sentencing Guidelines, an offender with a Sentencing Level Score of 3 must be incarcerated and one of the incarceration options is "[t]otal confinement in a state facility." See 204 Pa.Code § 303.11. Therefore, appellant's sentence involving incarceration in a state facility was consistent with the provisions of the Sentencing Code. Moreover, because incarceration at a state facility was one of the options available to the trial court under the Sentencing Code, appellant has failed to demonstrate how his sentence was "contrary to the fundamental norms which underlie the sentencing process." We note that the trial court in its Rule 1925(a) opinion stated that appellant had a Sentencing Level Score of 4. This is incorrect based upon the guideline sentencing form that is part of the certified record. However, total confinement in a state facility is also an option for an offender with a Level 4 score.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/4/2020