J-S43030-20

2021 PA Super 44

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT LOUIS WENZEL | |
| Appellant | No. 417 WDA 2020 |

Appeal from the Judgment of Sentence Entered November 1, 2019
In the Court of Common Pleas of Warren County
Criminal Division at No.: CP-62-CR-0000550-2018

BEFORE:  SHOGAN, J., STABILE, J., and KING, J.

DISSENTING OPINION BY STABILE, J.:          **FILED: MARCH 17, 2021**

I respectfully dissent.  In my view, we need not reach the merits of this appeal, since the appeal should be quashed for want of jurisdiction.

Briefly, as the Majority notes, following a jury conviction for resisting arrest, on November 1, 2019, the trial court sentenced ("Original Judgment of Sentence") Appellant to intermediate punishment for a period of two years less one day, with a restrictive portion of four months' incarceration in Warren County Prison, with credit for time served of 119 days, followed by one month of house arrest.  The trial court cautioned Appellant to file post-sentence motions within 10 days of sentencing.  **See** N.T. Sentencing, 11/1/19, at 4-5. Appellant filed his post-sentence motion on Tuesday, November 12, 2019.[1]

---

[1] The 10th day fell on Monday, November 11, 2019, which was Veterans Day. **See** 1 Pa. C.S.A. § 1908 (excluding weekend days and legal holidays from the

On November 19, 2019, during the pendency of the post-sentence motion, the trial court on its own amended ("First Amendment") the Original Judgment of Sentence.[2] It removed the 119 days' credit for time served.[3] Appellant did not file any post-sentence motions or appeal from the First Amendment.

On December 11, 2019, the trial court once again amended ("Second Amendment") the Original Judgment of Sentence. In so doing, the court clarified that Appellant needed to spend only 90 days of the four-month restrictive portion at Warren County Prison and that house arrest would be enforced via electronic monitoring. Appellant, again, did not file any post-sentence motion or appeal from the Second Amendment.

On February 14, 2020, following an evidentiary hearing, the trial court denied the post-sentence motion filed from the Original Judgment of

_____

computation of the time period for a filing when the last day of the time period falls on a weekend or legal holiday).

[2] My review of the sentencing transcript reveals that the Commonwealth challenged Appellant's entitlement to 119 days' credit for time served. N.T. Sentencing, 11/1/19, at 15-17. The court, however, advised the parties that "[Appellant] is given credit for time served. . . . **In the event** that, that proves to be inaccurate or incorrect, the [c]ourt will adjust that. But I'm giving him the credit today for that[.]" **Id.** at 24 (emphasis added). The Majority simply fails to acknowledge this exchange in arriving at its conclusion that there was a breakdown in the operation of the court.

[3] The trial court did not commit any errors, as it amended the Original Judgment of Sentence within 30 days of sentencing before any appeal was taken. **See** 42 Pa.C.S.A. § 5505 ("a court upon notice to the parties may modify or rescind any order within 30 days after its entry . . . if no appeal from such an order has been taken or allowed.").

Sentence. On March 10, 2020, Appellant filed the instant appeal from the Original Judgment of Sentence after the trial court denied his post-sentence motion arising out of and relating to the same. In my opinion, Appellant's appeal is untimely; we therefore lack jurisdiction to entertain this appeal. We may raise questions about our jurisdiction on our own motion. *See Commonwealth v. Andre*, 17 A.3d 951, 958 (Pa. Super. 2011).

It is well-settled that, in criminal cases, an appeal properly lies from the judgment of sentence. *See generally Commonwealth v. Shamberger*, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*), *appeal denied*, 800 A.2d 932 (Pa. 2002). Instantly, as noted earlier, the trial court, on November 19, 2019, amended the Original Judgment of Sentence following Appellant's filing of a post-sentence motion and before any appeal was taken. In doing so, the trial court *sua sponte* removed the 119 days' credit for time served. The effect of this amendment is clear. Under the circumstances of this case, where the Original Judgment of Sentence called for only four months' incarceration in Warren County Prison, the removal of 119 days' credit was significant and not done merely to correct a patent error or mistake in the record. *See* 42 Pa.C.S.A. § 5505; *see also Commonwealth v. Stevens*,[4] No. 3442 EDA 2019, 2020 WL 6130155, at *1 n.1, unpublished memorandum, (Pa. Super.

_____

[4] The factual differences between this case and **Stevens** are of little significance. There, the trial court *included* credit for time served by amending the judgment of sentence. Here, the trial court *removed* 119 days' credit through the First Amendment.

filed October 19, 2020) (because the trial court amended the judgment of sentence within 30 days of its entry when no appeal was taken, the appeal at issue properly lay from the amended judgment by which the court added credit for time served).[5]  As illustrated, *infra*, an amended order that merely corrects a patent or obvious error in the record does not reestablish the time in which an appeal from the judgment of sentence must be taken and may be done by the court at any time.  On the other hand, an amended order that does not merely correct a patent or obvious error in the record constitutes a new judgment of sentence.  **Stevens**.  The trial court must act within 30 days of its initial order to amend the judgment of sentence while the trial court still has jurisdiction, **see** 42 Pa.C.S.A. § 5505.  If an appeal is to be taken from the amended judgment of sentence, it must be filed within 30 days of the amended judgment.  An appeal taken from the original judgment of sentence will not suffice to preserve appeal rights from the amended judgment of sentence.

In **Commonwealth v. Klein**, 781 A.2d 1133 (Pa. 2001), the Supreme Court reversed an order of this Court quashing the defendant's appeal as untimely filed.  **Klein**, 781 A.2d at 1136.  Two days after the defendant was sentenced on June 23, 1999, to time-served to one year in prison, the trial court learned that there was an error in the defendant's record concerning the

---

[5] Under Rule 126(b), non-precedential decisions, referring to unpublished memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value.  **See** Pa.R.A.P. 126(b).

calculation of his credit for time-served. *See id.* at 1134. Accordingly, on June 25, 1999, the trial court issued an order, *sua sponte*, directing the defendant to reappear for sentencing on June 30, 1999; however, it did not vacate its prior sentencing order. Before the resentencing hearing, on June 28, 1999, the defendant filed a notice of appeal from the June 23rd judgment of sentence. Nevertheless, the resentencing hearing continued as scheduled, and, on June 30, 1999, the trial court corrected the calculation of time-served in the original sentencing order, but directed "[a]ll other aspects of the June 23rd order were to remain in effect." *Id.* (record citation omitted). A panel of this Court quashed the defendant's appeal, reasoning the court's June 25th order "implicitly vacated" the June 23rd sentencing order, and, therefore, the defendant filed an appeal from the wrong order. *Id.* However, the Supreme Court disagreed, noting, "this court has never indicated that an order may 'implicitly vacate' an earlier order and Section 5505 does not provide for such ambiguity." *Id.* at 1135. Nevertheless, while the defendant's notice of appeal divested the trial court of jurisdiction to modify its sentencing order after 30 days, the Supreme Court explained it was clear the trial court's intent was to sentence the defendant to serve one month in prison, and the miscalculation of the time-served undermined that intent; accordingly, the Court held "under the limited circumstances of this case, the [trial] court could take further action in this matter since it was merely correcting a patent defect or mistake in the record." *Id.*

*Commonwealth v. Callen*, 198 A.3d 1149 (Pa. 2018), is yet another example of when a trial court may act to correct a clerical error without affecting the validity of its original judgment of sentence. There the trial court confused the docket numbers—but not the offenses, counts, or victims—when it orally pronounced the appellant's sentence. The confusion caused an erroneous transcription of the written sentencing order. Months after sentencing, while the appeal was pending, the trial court amended the sentencing order. On appeal, we agreed with the trial court's course of action, noting that the errors corrected were clerical in nature.

Here, there is no suggestion by Appellant that the trial court committed any kind of clerical mistake requiring the *sua sponte* amendment of the November 1, 2019 judgment of sentence. In fact, the First Amendment should not have come as a surprise to Appellant. The trial court apprised him on the record at sentencing that it might adjust time credit. By removing the 119 days' credit via the First Amendment, which was entered within 30 days of the entry of the Original Judgment of Sentence, the trial court effectively vacated the Original Judgment of Sentence. Differently put, the trial court vacated the Original Judgment of Sentence when it determined that Appellant no longer was entitled to 119 days' credit for time served. The change made did not just correct a calculation error. The court's determination reevaluated Appellant's entitlement to time served. As a result, Appellant needed to take an appeal from the First Amendment, entered on November 19. He did not. Instead, on March 10, 2020, Appellant took the instant appeal from the

Original Judgment of Sentence. The appeal, however, was untimely, as it was taken more than 30 days after the November 19, 2019 entry of the First Amendment.[6] ***See*** Pa.R.Crim.P. 720(A)(3); Pa.R.A.P. 903(c)(3).

Furthermore, I also respectfully disagree with the Majority to the extent it premises our jurisdiction on a breakdown in the court processes and thereby excuses Appellant's untimely appeal. ***See*** Majority Op. at 8-9. It is well settled that appellate courts generally cannot extend the time for filing an appeal. ***See*** Pa.R.A.P. 105(b) ("An appellate court . . . may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, a petition for review, or a petition for specialized review."). However, the official note to Rule 105 provides that Rule 105(b) is "not intended to affect the power of a court to grant relief in the case of fraud or breakdown in the processes of a court." Pa.R.A.P. 105(b), note; ***see also Commonwealth v. Patterson***, 941 A.2d 493, 499 (Pa. Super. 2007) (pointing out that despite the general rule that "an appellate court cannot extend the time for filing an appeal," this "does not affect the power of courts to grant relief in the case of fraud or breakdown in the processes of the court").

---

[6] It is unclear whether the Second Amendment replaced the First Amendment as the final, appeal order. Additionally, it unclear whether the Second Amendment was issued pursuant to the court's inherent powers to correct patent and obvious errors. These questions, however, need not be resolved at this juncture because Appellant did not appeal from the either the First Amendment or the Second Amendment.

Here, contrary to the Majority's conclusion, no breakdown in the processes of the court is alleged and one is not apparent from the face of record. Thus, by finding there was a breakdown, the Majority *sua sponte* grants Appellant *nunc pro tunc* relief, rendering timely his untimely appeal, which was not taken until March 2020—months after the November 19, 2019 First Amendment. I do not believe this Court has the authority to *sua sponte* grant *nunc pro tunc* relief, especially when the relief would, as here, result in the enlargement of the time for filing an appeal. This conclusion would be consistent with our prior decisions involving a trial court's *sua sponte* reinstatement of direct appeal rights *nunc pro tunc*. We previously have noted that it is improper for a trial court to do so. **Commonwealth v. Turner**, 73 A.3d 1283, 1285 n.2 (Pa. Super. 2013); **accord Commonwealth v. McCollum**, 2020 WL 7706810, unpublished memorandum, (Pa. Super. filed December 29, 2020).

For these reasons, I dissent. I would quash this appeal for want of jurisdiction.