J-S15035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LESLIE J. KASTAL AND ELIZABETH M. KASTAL | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HEATHER L. MCKLVEEN | : | |
| | : | No. 1348 WDA 2024 |
| Appellant | : | |

Appeal from the Order Entered October 2, 2024
In the Court of Common Pleas of Westmoreland County
Civil Division at No(s): 2020 of 2022

BEFORE: OLSON, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED: June 23, 2025**

Heather L. McKlveen appeals from the order that, *inter alia*, granted both Leslie J. Kastal and Elizabeth M. Kastal (collectively, "Kastals"), as adjacent property owners, the right to a prescriptive easement over McKlveen's property. We quash.

Briefly, the Kastals filed a complaint against McKlveen in 2022, alleging that they had an easement, or right-of-way, over the rear portion of McKlveen's property, but that McKlveen had blocked any access to this portion of land by erecting a fence and storing personal items there. The Kastals predicated their argument on two recorded deeds, from 1953 and 1965, demonstrating their perpetual right, as neighboring property owners, to use

_____

[*] Retired Senior Judge assigned to the Superior Court.

the at-issue area. The Kastals further asserted that, independent of any prior written record, they had also established a prescriptive easement over that same land. McKlveen, in response, refuted the existence of any presently enforceable use right by claiming that none of the deeds subsequent to 1986 in the chain of title for her property included any reference to a right-of-way.

Following a non-jury trial, the court, in finding that the Kastals had met their burden in claiming a prescriptive easement, entered an order that allowed for ingress and egress over McKlveen's property. Although neither party filed post-trial motions, McKlveen appealed and filed a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

In her appeal, McKlveen exclusively asserts that the Westmoreland County Prothonotary failed to note on the trial court docket that notice of the order's entry had been provided pursuant to Pennsylvania Rule of Civil Procedure 236(b).[1] *See* Appellant's Brief, at 2. Interestingly, McKlveen argues, as an appellant, that this Court lacks jurisdiction to entertain this appeal. *See id.* at 10-11.

Following our review of the docket, we can confirm that the appealed-

---

[1] Notwithstanding the contents of her brief before this Court, McKlveen's Rule 1925(b) statement substantively challenges the sufficiency of the trial court's prescriptive easement decision. The court's Rule 1925(a)(1) opinion is responsive to McKlveen's Rule 1925(b) statement.

from order contains no corresponding Rule 236(b) notice.[2] We have explained:

> Rule of Appellate Procedure 108(b) designates the date of entry of an order as "the day on which the clerk makes the notation in the docket that *notice* of entry of the order has been given as required by Pa.R.C[iv].P. 236(b)." Pa.R.A.P. 108(b) (emphasis added). Our Supreme Court has held that "an order is not appealable until it is entered on the docket *with the required notation that appropriate notice has been given*." **Frazier v. City of Philadelphia**, [] 735 A.2d 113, 115 ([Pa.] 1999) (emphasis added). Where there is no indication on the docket that Rule 236(b) notice has been given, then the appeal period has not started to run. Our Supreme Court has expressly held that this is a bright-line rule, to be interpreted strictly. That the appealing party did indeed receive notice does not alter the rule that **the 30-day appeal period is not triggered until the clerk makes a notation on the docket that notice of entry of the order has been given**.

**In re L.M.**, 923 A.2d 505, 508-09 (Pa. Super. 2007) (some citations omitted; emphasis added).

Pursuant to Pennsylvania Rule of Appellate Procedure 301(a)(1), "no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court." Pa.R.A.P. 301(a)(1). At the same time, however, a notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof. **See** Pa.R.A.P. 905(a)(5).

Here, there is no indication that the trial court or prothonotary amended

---

[2] Rule 236(b) provides as follows: "The prothonotary shall note in the docket the giving of the notice [of the entry of the order or judgment] and, when a judgment by confession is entered, the mailing of the required notice and documents." Pa.R.Civ.P. 236(b).

the trial court docket during the pendency of this appeal[3] to properly enter the order at issue, consistent with Rule 236(b). The order at issue has thus never been entered on the trial court's docket for our purposes. In this procedural posture, the appeal period was never formally triggered, *see L.M.*, *supra*, and, as a practical matter, the case must be considered as pending in the trial court in the absence of the entry of an order in compliance with Rule 236(b). As a result, the notice of appeal that initiated this appeal was premature and remains so where it was never perfected by the proper entry of the order supposedly being appealed; our jurisdiction was never properly invoked, and there is no appeal for us to consider.

Even assuming, *arguendo*, that there was an appeal for us to consider, McKlveen's appellate brief only contains argument germane to this procedural issue concerning Rule 236(b), providing nothing of substance to review.[4] As

_____

[3] *See Commonwealth v. Klein*, 781 A.2d 1133, 1135 (Pa. 2001) (court has "inherent powers to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record, even after the lapse of the [thirty-day post-entry pre-appeal] term [described at 42 Pa.C.S. § 5505 (modification of orders)]."); *see also* Pa.R.A.P. 1701(a) (absent several narrow exceptions inapplicable here, "after an appeal is taken . . . the trial court . . . may no longer proceed further in the matter[]").

[4] Notwithstanding our ultimate disposition, we note our displeasure with McKlveen's attempt to "incorporate by reference . . . the contents of the proposed findings of fact and conclusions of law which she filed in the trial court." Appellant's Brief, at 7 n.1. "[O]ur appellate rules do not allow incorporation by reference of arguments contained in briefs filed with other tribunals, or briefs attached as appendices, as a substitute for the proper presentation of arguments in the body of the appellate brief."
*(Footnote Continued Next Page)*

such, at this juncture, we must quash and, in anticipation of further proceedings, advise the Westmoreland County Prothonotary to promptly adhere to Rule 236(b) to start this matter's appeal period. Our quashal of this appeal is without prejudice to the parties to take further action with the trial court to seek the entry of a final appealable order.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 6/23/2025

---

*Commonwealth v. Briggs*, 12 A.3d 291, 343 (Pa. 2011). Indeed, our Supreme Court has held that when an appellant attempts to present issues by incorporating by reference another document into her brief, those issues are waived. *Id.*