**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FOWZIA MUSSE ABDULLAHI | : | |
| | : | |
| Appellant | : | No. 154 MDA 2019 |

Appeal from the Judgment of Sentence Entered December 19, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001497-2018

BEFORE: BOWES, J., LAZARUS, J., and DUBOW, J.

JUDGMENT ORDER BY DUBOW, J.:           **FILED NOVEMBER 27, 2019**

Appellant, Fowzia Musse Abdullahi, appeals from the December 19, 2018 Judgment of Sentence that was entered in the Lancaster Court of Common Pleas after she entered an open guilty plea to Fleeing or Attempting to Elude a Police Officer, Resisting Arrest, and Hindering Apprehension of Prosecution.[1]  After careful review, we affirm.

The relevant factual and procedural history is, briefly, as follows.  On November 26, 2017, police initiated a traffic stop of Appellant's vehicle after observing Appellant's daughter—who had a warrant out for her arrest—enter the passenger side of the vehicle.  Police arrested Appellant after she fled the scene of the traffic stop and later refused to exit the vehicle by holding onto

---

[1] 75 Pa.C.S. § 3733(a) and 18 Pa.C.S. §§ 5104, 5105(a)(2), respectively.

the steering wheel, causing police officers to use force to remove her from the vehicle.

Appellant appeared for a jury trial on December 19, 2018, aided by an interpreter. Prior to the start of jury selection, the Commonwealth informed the trial court that it just came into possession of an audio and video recording of an interview between a police officer and Appellant, demonstrating that Appellant was able to communicate effectively with the police officer in English. The trial court allowed Appellant and her counsel to view the video in open court prior to jury selection. After viewing the video, Appellant's counsel requested a continuance to review the video evidence with his client. The trial court granted Appellant's request, took a recess, and provided a conference room for Appellant and her counsel. Upon returning to the courtroom, Appellant entered an open guilty plea to all charges and the trial court immediately sentenced Appellant to an aggregate sentence of two years of probation.

On January 17, 2019, Appellant simultaneously filed an untimely *Nunc Pro Tunc* Post-Sentence Motion in the Nature of a Motion to Withdraw Guilty Plea and a timely Notice of Appeal. On January 23, 2019, the trial court issued an Order finding, "said Motion is untimely in that counsel on the same date filed a Notice of Appeal to the Superior Court, relieving this Court of

jurisdiction." Order, 1/23/19.[2]  Both Appellant and the trial court complied with Pa.R.A.P. 1925.[3]

Appellant raises a sole issue for our review: "Did the trial court err in denying [Appellant]'s request for a continuance the day of trial where the Commonwealth turned over video evidence it intended to use at trial minutes before the jury was selected which resulted in [Appellant]'s involuntary guilty plea?" Appellant's Br. at 4.  Appellant argues that the trial court's failure to grant a continuance caused her guilty plea to be involuntary. Appellant's Br. at 13-15.  Because Appellant failed to file a timely Post-Sentence Motion, Appellant failed to preserve this issue for our review.

When a defendant enters a guilty plea, she waives her right to challenge on direct appeal all nonjurisdictional defects except the legality of her sentence and the validity of her plea.  ***Commonwealth v. Pantalion***, 957 A.2d 1267, 1271 (Pa. Super. 2008).  "A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing."

---

[2] ***See Commonwealth v. Klein***, 781 A.2d 1133, 1135 (Pa. 2001) (holding that where a Notice of Appeal has been filed, a trial court cannot act further in the matter); Pa.R.A.P. 1701.

[3] Appellant filed an untimely Rule 1925(b) Statement, but the trial court nevertheless addressed the issues contained in the untimely Statement. Accordingly, we decline to find waiver based on the untimely Statement. ***See Commonwealth v. Burton***, 973 A.2d 428, 433 (Pa. Super. 2009) (*en banc*) (explaining that "this Court many decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal.").

***Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa. Super. 2013) (citing Pa.R.Crim.P. 720). Failure to do so results in waiver. ***Id. See also Commonwealth v. Tareila***, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006) (explaining that if an appellant fails to challenge his guilty plea in the trial court, he may not do so on appeal). "[A] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." ***Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 469 (Pa. Super. 2017) (citation omitted; emphasis removed).

Here, Appellant did not preserve this challenge at her plea colloquy or in a timely Post-Sentence Motion. Accordingly, she has waived any challenge to the voluntariness of her plea. ***See Lincoln***, ***supra***.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/27/2019