J-S41037-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER MORALES-FELICIANO, | : | |
| | : | |
| Appellant | : | No. 1445 MDA 2019 |

Appeal from the Judgment of Sentence Entered May 16, 2019
in the Court of Common Pleas of Berks County Criminal Division
at No(s): CP-06-CR-0004777-2018, CP-06-CR-0005097-2017, &
CP-06-CR-0005962-2017

BEFORE:  KUNSELMAN, J., MCLAUGHLIN, J. AND STRASSBURGER, J.*

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MAY 04, 2021**

Christopher Morales-Feliciano appeals from his May 16, 2019 judgments of sentence for eight crimes across three dockets.  After review, we affirm his May 16, 2019 judgments of sentence, deny his application for remand for clarification of amendments to his judgments of sentence, vacate the amended sentencing orders entered on September 26, 2019, and remand for imposition of recidivism risk reduction incentive (RRRI) minimum sentences consistent with this memorandum.

Morales-Feliciano was involved with a drug-dealing operation that police targeted in an investigation known as Operation Shattered.  After being charged with a variety of crimes related to the investigation, Morales-Feliciano entered into an open plea agreement with the Commonwealth wherein Morales-Feliciano agreed to admit to certain facts and plead guilty

*Retired Senior Judge assigned to the Superior Court.

to some of the charged crimes in exchange for the Commonwealth's withdrawal of the remaining charges.

On May 16, 2019, Morales-Feliciano pleaded guilty to eight crimes at three dockets. He was sentenced that same day. The trial court opted to run the sentences at each count consecutively to the others except for one, which resulted in an aggregate sentence of 7½ to 25 years of imprisonment for the eight crimes. The trial court deemed him eligible for RRRI at each count. The facts to which Morales-Feliciano pleaded guilty and the individual sentences for each count follow.

Relative to docket number CP-06-CR-0005962-2017 (delivery docket), on September 14 and 24, 2017, undercover police officers requested to purchase drugs from Morales-Feliciano's sister, Carmen Morales-Feliciano. On both occasions, Morales-Feliciano delivered the heroin to the officers. Morales-Feliciano was sentenced to one to four years of imprisonment, respectively, for two counts of delivery of heroin and one count of conspiracy to deliver heroin. Unlike Morales-Feliciano's other sentences, which were run consecutively, the trial court opted to impose one delivery count and the conspiracy count concurrently to each other. The trial court gave him a RRRI sentence of nine months at each count.

Regarding docket number CP-06-CR-0004777-2018 (abuse docket), on October 6, 2017, Morales-Feliciano was present at a first-floor apartment on Franklin Street in Reading, Pennsylvania, for the purpose of selling drugs.

While he was at the apartment, between 1:30 and 5 a.m., Morales-Feliciano wrapped the dead body of Madison Walb[1] in a rug. He then did the following with Walb's carpet-wrapped body: shoved it out of the back window of the apartment; carried it to a car with the assistance of Christian Carmona-Llanos; dropped it multiple times while walking to the car to avoid detection of individuals in the area; rode in the car driven by his sister along with the body and Carmona-Llanos; and abandoned the body in a secluded wooded area with the intent to impair investigation into Walb's death and in a manner that would outrage family sensibilities. Morales-Feliciano was sentenced to one to two years of imprisonment respectively for abuse of a corpse, tampering with evidence, and conspiracy to commit abuse of a corpse. The trial court gave him a RRRI sentence of nine months at each count.

Finally, relative to docket number CP-06-CR-0005097-2017 (possession docket), on October 11, 2017, Morales-Feliciano was present at the Franklin Street apartment referenced *supra* when police executed a search warrant. At that time, Morales-Feliciano possessed drugs packaged for street sale or in bulk that he intended to sell. Specifically, he possessed .82 grams of fentanyl and 8.72 grams of cocaine. Morales-Feliciano was sentenced to a term of imprisonment of 14 months to 5 years for possession

---

[1] The Commonwealth alleged Morales-Feliciano's sister shot Walb in the head while Walb was at the Franklin Street apartment purchasing drugs.

with intent to deliver (PWID) fentanyl with a RRRI sentence of 10 months and 15 days. He also was sentenced to a term of imprisonment of 16 months to 5 years for PWID cocaine with a RRRI sentence of one year.

Morales-Feliciano filed a post-sentence motion, which the trial court denied. Morales-Feliciano then timely filed notices of appeal.[2] Both the trial court and Morales-Feliciano complied with Pa.R.A.P. 1925.

Morales-Feliciano presents two issues for our consideration. The first is whether the trial court abused its discretion by imposing an excessive sentence upon Morales-Feliciano. Morales-Feliciano's Brief at 4. The second is whether we should remand this case to the trial court for clarification of Morales-Feliciano's RRRI sentences. *Id.*

Morales-Feliciano's first issue presents a challenge to the discretionary aspects of his sentence.

> An appellant is not entitled to the review of challenges to the
> discretionary aspects of a sentence as of right. Rather, an
> appellant challenging the discretionary aspects of his sentence

---

[2] On November 26, 2019, this Court issued an order directing Morales-Feliciano to show cause why his appeal should not be quashed pursuant to *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018) (holding that notices of appeal filed after June 1, 2018 must be quashed if the Morales-Feliciano fails to file separate notices of appeal from a single order resolving issues arising on more than one lower court docket). Morales-Feliciano's response contended we should not quash his appeal because he filed a separate notice of appeal with all three docket numbers at each of the three dockets, but the clerk of courts apparently transmitted only one notice of appeal to this Court. Upon receipt of this response, this Court discharged the rule to show cause and referred the issue to this panel. Because the record confirms that Morales-Feliciano filed three separate notices of appeal in compliance with *Walker* and Pa.R.A.P. 341, we need not quash Morales-Feliciano's appeal.

must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A § 9781(b).

**Commonwealth v. Samuel**, 102 A.3d 1001, 1006-07 (Pa. Super. 2014).

Morales-Feliciano timely filed a notice of appeal, preserved the issue in a post-sentence motion and arguments at his sentencing hearing, and included a Pa.R.A.P. 2119(f) statement in his brief. Therefore, we now consider whether Morales-Feliciano has raised a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).

In his Rule 2119(f) statement, Morales-Feliciano requests that this Court review his sentences because they are excessive and the trial court did not consider mitigating factors "in any way," including his acceptance of responsibility for his actions, his age, his working under the direction of others in the organization, his fear of those individuals, and the small amount of drugs he possessed with intent to deliver. Morales-Feliciano's Brief at 9. This claim presents a substantial question. ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) ("[T]his Court has held that an excessive sentence claim - in conjunction with an assertion that the court failed to consider mitigating factors - raises a substantial question.").

Accordingly, we will proceed to review this challenge[3] to his sentence, mindful of the following.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment.

---

[3] In his argument section, Morales-Feliciano presents additional questions he claims constitute substantial questions for our review that he did not present in his Rule 2119(f) statement. Morales-Feliciano's Brief at 12. However, our case law is clear that "[w]e cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Barnes***, 167 A.3d 110, 123 (Pa. Super. 2017) (*en banc*) (some brackets altered). As such, we do not consider his claims that (1) the sentencing court placed insufficient reasons on the record for deviating from the sentencing guidelines and sentencing him to the statutory maximum on the charges at the abuse docket, ***see*** Morales-Feliciano's Brief at 13, 18; (2) the imposition of consecutive sentences instead of concurrent was harsh and excessive, ***id.*** at 13, 19; and (3) his sentence is too harsh in comparison to other co-conspirators who engaged in similar conduct. ***Id.*** at 13-20.

Rather, the appellant must establish, by reference to the record, that the trial court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

\* \* \*

When imposing [a] sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

***Commonwealth v. DiClaudio***, 210 A.3d 1070, 1074-75 (Pa. Super. 2019)

(quoting ***Commonwealth v. Antidormi***, 84 A.3d 736, 760-61 (Pa. Super.

2014)); ***see also*** 42 Pa.C.S.A. § 9781(d).

Sentencing in Pennsylvania is individualized, and requires the trial court to fashion a sentence "that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant[.]" 42 Pa.C.S.A. § 9721(b). The trial court must also consider the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing. ***Id.***

***Commonwealth v. Baker***, 72 A.3d 652, 663-64 (Pa. Super. 2013).

Morales-Feliciano's argument that the trial court failed to consider mitigating factors is intermingled with other arguments we are unable to consider, as discussed ***supra***. From what we can discern of the argument related to the substantial question he presents for our review, his argument is largely unsupported. He asserts his sentence is excessive because he took responsibility for his actions, he is 22 years old, he sold drugs to support his drug addiction, he worked at a low level under the direction of

others within the drug-dealing organization, he possessed small amounts of drugs (10 grams of cocaine and less than one gram of fentanyl), he was not involved in violence and did not kill Walb, and he is and was in fear of others in the drug-dealing organization. Morales-Feliciano's Brief at 14-15.

His counsel made similar arguments at the sentencing hearing. N.T., 6/4/2019, at 29-32. In response, the trial court noted that it "appreciate[d] all of the information provided" by defense counsel. *Id.* at 32. Nevertheless, the trial court found it significant that Morales-Feliciano chose to become part of the drug-dealing operation to support his drug habit. It emphasized that the operation sold drugs out of two locations "like candy stores for drugs" and killed Walb, which Morales-Feliciano helped cover up so that the organization could continue to sell drugs out of the apartment on Franklin Street. *Id.* at 32-34. The trial court noted on the record at sentencing that it read and considered a presentence report. N.T., 6/4/2019, at 11. "When a trial court has reviewed a presentence investigation report, we presume that the court properly considered and weighed all relevant factors in fashioning the defendant's sentence." *Baker*, 72 A.3d at 664; *see also* Trial Court Opinions, 1/3/2020, at 4-7 (emphasizing it considered the presentence investigation report, the factors set forth at subsection 9721(b), and the sentencing guidelines).

Morales-Feliciano's claim that the trial court did not consider mitigating factors in any way is belied by the record. The trial court was aware of, and

considered, the facts Morales-Feliciano highlights in his argument. It simply determined, in its discretion, that such facts did not compel a less significant sentence considering Morales-Feliciano's participation in the activities of the drug-dealing operation, his drug dealing on multiple occasions over time, his cover-up of Walb's murder, and his treatment of her dead body. Even if we found the facts Morales-Feliciano emphasizes to be persuasive, "[w]e cannot re-weigh the sentencing factors and impose our judgment in the place of the trial court." **Commonwealth v. Macias**, 968 A.2d 773, 778 (Pa. Super. 2009). Accordingly, his challenge to the discretionary aspects of his sentence merits no relief.

We turn now to Morales-Feliciano's second issue, which he also raised in an application to remand he filed with this Court on June 24, 2020. By way of background, on September 26, 2019, after the instant appeal was filed, the trial court entered amended sentencing orders, increasing the RRRI sentence on five counts.[4] The trial court did so *sua sponte* and without

---

[4] Specifically, the amended orders provided as follows.

- Count 1 of the PWID docket (PWID fentanyl): minimum sentence of 14 months; amended RRRI sentence of 14 months.
- Count 2 of the PWID docket (PWID cocaine): minimum sentence of 16 months; amended RRRI sentence of 14 months.
- Counts 1, 4, and 7 of delivery docket (delivery of heroin and conspiracy to deliver heroin): minimum sentences of one year; amended RRRI sentences of 11 months and 20 days.

explanation.[5] Morales-Feliciano asserts that the trial court lacked jurisdiction to amend the orders while the orders were on appeal to this Court. Morales-Feliciano's Brief at 21-26. He argues that while the trial court could have corrected an obvious clerical error, the changes to the orders appear to be substantive. *Id.* He requests a remand for the trial court to explain its amendment to the orders. *Id.*

"Trial courts have the power to alter or modify a criminal sentence within thirty days after entry, if no appeal is taken. Generally, once the thirty-day period is over, the trial court loses the power to alter its orders." *Commonwealth v. Melvin*, 103 A.3d 1, 57 (Pa. Super. 2014) (citing 42 Pa.C.S.A. § 5505) ("Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."). Additionally, "when an appeal is taken, the trial court has no jurisdiction to modify its sentence." *Melvin*, 103 A.3d at 57 (citing Pa.R.A.P. 1701(a)

---

[5] The parties contend the revised orders were prompted by the trial court's receipt of a letter from the Department of Corrections, which pointed out an error in the trial court's calculation of the RRRI sentences. Although the Commonwealth included the letter as an exhibit with its brief, the letter was not made part of the certified record and we may not consider it on appeal. *Commonwealth v. Preston*, 904 A.2d 1, 6 (Pa. Super. 2006) (*en banc*) (explaining that this Court may consider only the materials in the certified record when resolving an issue).

("Except as otherwise prescribed by these rules, after an appeal is taken …

the trial court … may no longer proceed further in the matter.")).

However, there are exceptions to these rules. One exception is a trial

court's "inherent power" to correct "patent and obvious errors," including

illegal sentences if the illegality is obvious. **Commonwealth v. Hoover**,

231 A.3d 785, 792 (Pa. 2020) (Opinion Announcing Judgment of the Court)

(quoting **Commonwealth v. Holmes**, 933 A.2d 57, 67 (Pa. 2007)); **see

also Commonwealth v. Hansley**, 47 A.3d 1180, 1189 (Pa. 2012) ("Thus,

under limited circumstances, even where the court would normally be

divested of jurisdiction, a court may have the power to correct patent and

obvious mistakes."). This power can be exercised in limited circumstances

even after a notice of appeal has been filed to correct "a patent defect or

mistake in the record," such as a miscalculation of time credit.

**Commonwealth v. Klein**, 781 A.2d 1133, 1135 (Pa. 2001).[6]

Our Supreme Court has emphasized that "it is the obviousness of the

illegality, rather than the illegality itself, that triggers the court's inherent

power. Not all illegal sentences will be amenable to correction as patent

errors. Moreover, the inherent power to correct errors does not extend to

---

[6] Rule 1701 permits a trial court to "correct formal errors in papers relating
to the matter" after an appeal has been filed. Pa.R.A.P. 1701(b)(1). Our
Supreme Court declined to decide whether this would encompass a
miscalculation in time credit post-appeal because it determined it was
already within the trial court's inherent powers to correct such a patent
error. **Klein**, 781 A.2d at 1135 n.2.

reconsideration of a court's exercise of sentencing discretion." **Holmes**, 933 A.2d at 66-67.

In the instant case, a comparison between the RRRI statute and the trial court's original sentencing orders reveals a patent and obvious error in the trial court's calculation of the RRRI minimum sentences.

For any offender eligible for RRRI, subsection 4505(c)(2) requires the trial court to enter a sentencing order that includes a RRRI minimum sentence. 61 Pa.C.S.A. § 4505(c)(2). The statute does not afford discretion in the imposition of the RRRI sentence for eligible offenders or the calculation of the RRRI minimum sentence. **See id.** At the time of Morales-Feliciano's sentencing, subsection 4505(c)(2) required the trial court to use the following calculation.[7]

> The [RRRI] minimum shall be equal to three-fourths of the minimum sentence imposed when the minimum sentence is three years or less. The [RRRI] minimum shall be equal to five-sixths of the minimum sentence if the minimum sentence is greater than three years. For purposes of these calculations, partial days shall be rounded to the nearest whole day.

61 Pa.C.S.A. § 4505(c)(2). In other words, for shorter sentences (*i.e.*, a minimum sentence of three years or less), the trial court must use a multiplier of three-fourths to calculate the RRRI sentence. For longer

---

[7] Section 4505 was amended effective December 18, 2019, and now provides that, once the trial court finds the defendant RRRI eligible, "[t]he court shall direct the department [of corrections] to calculate the length of the sentence. 61 Pa.C.S.A. § 4505(c)(2). This memorandum discusses the version in effect until December 17, 2019.

- 12 -

sentences (*i.e.*, more than three years), the multiplier is set at five-sixths of the minimum sentence.

Subsection 4505(c)(2) also addresses how to calculate the RRRI minimum sentence when multiple consecutive sentences are imposed: "[i]n determining the [RRRI] minimum sentence, the aggregation provisions of 42 Pa.C.S.A. § 9757 (relating to consecutive sentences of total confinement for multiple offenses) and 9762(f) (relating to sentencing proceeding; place of confinement) shall apply." *Id.* Both sections of the Sentencing Code referenced in subsection 4505(c)(2) direct the court to consider multiple consecutive sentences in the aggregate.[8]

Accordingly, when sentences are imposed consecutively, subsection 4505(c)(2) directs the court to calculate the RRRI minimum based on the **aggregate** of the minimum sentences. This means that even if the individual minimum sentences are less than three years, the five-sixths

---

[8] Section 9757 provides in relevant part that "[w]henever the court determines that a sentence should be served consecutively to one being then imposed by the court, or to one previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed." 42 Pa.C.S.A. § 9757. In other words, the trial court must specify a minimum aggregate sentence, which is comprised of each of the individual minimum sentences added together. *Id.*

Subsection 9762(f) states that for the purpose of determining whether a sentence is to be served in a county or state correction institute—a determination that depends on the length of the sentence—"the entire continuous term of incarceration to which a person is subject" is to be used. 42 Pa.C.S.A. § 9762(f).

multiplier must be used to calculate the RRRI minimum if the total continuous period of incarceration is longer than three years.

Here, Morales-Feliciano was sentenced to consecutive terms of incarceration. Morales-Feliciano's aggregate minimum sentence is seven and one-half years, which obviously exceeds three years. To comply with subsection 4505(c)(2), the trial court should have imposed RRRI sentences that were five-sixths of the aggregate minimum sentence of seven and one-half years, which results in an aggregate RRRI sentence of six years and three months. Subsection 4505(c)(2) affords no discretion in the calculation. All but one of the RRRI minimum sentences imposed by the trial court equal three-fourths of the minimum sentence.[9] It is obvious that the trial court erroneously selected the RRRI multiplier based on each individual minimum sentence, instead of the aggregate minimum sentence. As such, each RRRI sentence was erroneous in the original sentencing order.

The error here was based on a non-discretionary statutory calculation, using the wrong multiplier to calculate RRRI minimum sentences. This falls into the category of patent and obvious errors that the trial court had the inherent jurisdiction to correct, even though more than 30 days had passed

---

[9] The only sentence that did not use three-fourths appears to be a typographical error. The original sentencing order imposed an RRRI sentence of 10 months and 15 days for both counts at the PWID docket, despite each count carrying a different minimum sentence (14 and 16 months, respectively).

since it had entered the sentencing orders and the sentencing orders were being reviewed by this Court on appeal. **Accord Klein**, 781 A.2d at 1135 (deeming miscalculation of time credit to be a patent and obvious error amenable to correction); **Commonwealth v. Ellsworth**, 97 A.3d 1255, 1257 (Pa. Super. 2014) (same). Accordingly, we deny Morales-Feliciano's petition to remand to the trial court for clarification of the orders.

This does not end our inquiry, however. While it may have had jurisdiction to correct the orders, the trial court once again made errors in its calculations. First, for the sentences it amended, the trial court did not use the five-sixths multiplier to calculate the RRRI minimum sentences. Second, the trial court failed to correct the errors in its original calculations at the abuse docket, leaving those RRRI minimum sentences incorrectly standing at three-fourths of the minimum sentence. Third, the aggregate RRRI minimum sentence in effect after the amended sentencing orders is seven and one-half years—the exact same as the aggregate minimum sentence, which is plainly in error. Accordingly, we remand for the trial court to correct its errors. We direct the trial court to issue sentencing orders that conform to subsection 4505(c)(2). Each individual RRRI minimum sentence at each of the three dockets should be five-sixths of the individual minimum sentence and add up to an aggregate RRRI minimum sentence of five-sixths of the seven and one-half year minimum aggregate sentence (*i.e.*, six years and three months).

May 16, 2019 judgments of sentence affirmed. September 26, 2019 amended judgments of sentence vacated. Application for Remand denied. Remanded for entry of amended sentencing orders consistent with this memorandum. Jurisdiction relinquished.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/04/2021