J-S38034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                          :          PENNSYLVANIA
                          :
          v.                 :
                          :
                          :
THOMAS DICKERSON             : 
                          :
          Appellant        :    No. 2671 EDA 2023

Appeal from the Judgment of Sentence Entered September 19, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014843-2012

BEFORE:    STABILE, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:         **FILED DECEMBER 2, 2024**

Appellant, Thomas Dickerson, appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County following the revocation of his probation and resentencing on his 2014 conviction for one count of possession with the intent to deliver a controlled substance and one count of criminal conspiracy.[1] After a careful review, we affirm.

The relevant facts and procedural history are as follows: On December 31, 2012, the Commonwealth filed an Information charging Appellant with the offenses indicated *supra*. On April 21, 2014, Appellant entered a non-negotiated guilty plea to the charges, and on that same date, the trial court

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 903, respectively.

sentenced Appellant. Specifically, the trial court imposed an aggregate sentence of eleven and one-half months to twenty-three months in prison to be followed by ten years of reporting probation. Appellant filed neither post-sentence motions nor a direct appeal.

Thereafter, on or about May 11, 2022, while Appellant was on probation for the instant matter, he was arrested on a new, unrelated drug charge. Specifically, at lower court docket number CP-51-CR-0004763-2022 ("4763-2022"), the Commonwealth filed an Information charging Appellant with one count of possession with the intent to deliver a controlled substance, 35 P.S. § 780-113(a)(30). On May 9, 2023, Appellant pled guilty to the charge at docket number 4763-2022, and on August 22, 2023, the trial court sentenced him to nine months to eighteen months in prison to be followed by two and one-half years of probation.

Meanwhile, as it relates to the instant matter:

> The [probation department] reported that, on May 12, 2022, Appellant reported to the [probation department], and a urinalysis that he submitted on this date was positive for cocaine. A *Gagnon*[2] **I** and detention hearing was scheduled for May 24, 2022. Appellant failed to appear claiming he was at the Emergency Room at Penn Medicine, which was later confirmed by his probation officer. Scott P. Sigman, Esquire, was appointed as counsel.
>
> On June 3, 2022, a *Gagnon* **II** summary was filed indicating that, on May 26, 2022, Appellant reported to the probation department, and a drug test was submitted that proved positive

---

[2] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

for cocaine….On May 31, 2022, Appellant once again tested positive for cocaine.

*** 

On July 18, 2023, after a hearing, the [trial] court determined Appellant to be in violation of the terms of the [trial] court's probationary supervision and revoked probation. The basis for revocation was uncontested. [The trial] court directed and subsequently reviewed the completed presentence investigative reports and mental health evaluations before the sentencing hearing commenced.

Trial Court Opinion, filed 5/7/24, at 3-4 (footnote added).

On September 19, 2023, Appellant, represented by counsel, proceeded to a probation revocation sentencing hearing. During the hearing, the trial court noted Appellant's probation was revoked because he tested positive several times for cocaine while on probation, as well as due to his conviction at trial court docket number 4763-2022. The trial court noted Appellant was evaluated by Dr. John O'Brien on September 13, 2023, and Appellant reported having a difficult childhood. N.T., 9/19/23, at 5. Also, the trial court noted Appellant has a history of depression. *Id.* at 6. Specifically, Appellant has been diagnosed with a major depressive disorder, as well as a substance use disorder. *Id.* Dr. O'Brien recommend that Appellant undergo dual diagnosis evaluation and treatment. *Id.*

The trial court recognized that, with respect to Appellant's criminal history, as a juvenile, he had ten arrests with five adjudications resulting in four commitments. *Id.* As an adult, Appellant had seventeen arrests and ten convictions with eight violations resulting in eight revocations thus far. *Id.*

Appellant has three adult children, and he is married. *Id.* at 7. The trial court noted that, for most of his periods of non-incarceration, Appellant has been unemployed. *Id.*

Appellant's wife testified at the probation revocation sentencing hearing. Specifically, she confirmed she married Appellant on August 26, 2011, and if Appellant is released from prison, he can reside with her in Philadelphia. *Id.* at 8. She testified Appellant has been employed in the past as a plumbing assistant, as well as assisted in demolition for construction jobs. *Id.* at 9. She testified that he helps to support her household. *Id.*

Defense counsel reminded the trial court that, in the matter at trial court docket number 4763-2022, Appellant took responsibility for his actions and pled guilty. *Id.* at 11. Defense counsel indicated Appellant also accepted responsibility for testing positive for cocaine during his probationary period in the instant matter, and defense counsel asked that the trial court show "mercy." *Id.* In this vein, defense counsel asked the trial court to impose a county sentence of eleven and one-half months to twenty-three months in prison to be followed by a term of probation. *Id.* at 12.

The Commonwealth, on the other hand, recommended the trial court sentence Appellant to two to four years in prison to be followed by three years of probation.

Appellant was given an opportunity to make a statement to the court. Appellant stated:

[APPELLANT]: I apologize for being in front of the Court, Your Honor. I know I made a lot of mistakes. I was out for a great deal of time, eight years and some months before I got in trouble again. I fell into a dark place. My mom passed. I'm not going to use that as an excuse, but I deal with a lot of mental health, depression and stuff like that. I mean, I want to go home to my family. I want to go home to my grandkids, my family. Where I'm at, I can't cut that no more. Jail is not for me no more. That's for young boys, young kids now, and I'm not young.

THE COURT: I know. Well, you're not as young.

[APPELLANT]: I'm not as young. I can't deal with what—I don't even eat the food in there, you know, it's that bad. When you get a certain age—I understand. I take responsibility. I did make a mistake. I did make a mistake, but—I mean, being upstate, going upstate, that don't help me at all. That doesn't help me at all. I've been going through this all my life. Going upstate, that does not help me. That mentally does something to me. It breaks me down.

*Id.* at 14-15.

After Appellant's statement, the trial court indicated the following:

So, I have considered all the circumstances, and I do believe you are getting too old for this, but that didn't stop you. And in terms of complying with the conditions, obviously you cannot. And your work history must have been entirely under the table because there's nothing reported at all. So, I don't know what you were doing out there, but I'm gleaning it wasn't helpful.

Okay. I've taken everything into consideration, sir, and having been convicted and having had your period of probation revoked and having considered all relevant factors that go into sentencing following revocation, at Count 1, possession with the intent to deliver a controlled substance, you shall serve four years to eight years state supervised confinement running consecutively to any other sentence you are serving.

Count 2, conspiracy, possession with the intent to deliver a controlled substance, also a felony, four years to eight years state supervised confinement running concurrently to Count 1.

*Id.* at 17.

- 5 -

Appellant did not file post-sentence motions; however, on October 13, 2023, Appellant filed a timely, counseled notice of appeal.[3] All Pa.R.A.P. 1925 requirements have been adequately met.

_____

[3] We note that, during the September 19, 2023, probation revocation sentencing hearing, the trial court found Appellant was eligible for a recidivism risk reduction incentive ("RRRI") minimum sentence; however, the trial court failed to impose such a sentence. Accordingly, on October 26, 2023, the trial court *sua sponte* filed an amended sentencing order indicating that the trial court was amending the September 19, 2023, sentencing order to reflect an RRRI minimum of three years and four months.

"Trial courts have the power to alter or modify a criminal sentence within thirty days after entry, if no appeal is taken. Generally, once the thirty-day period is over, the trial court loses the power to alter its orders." **Commonwealth v. Melvin**, 103 A.3d 1, 57 (Pa.Super. 2014) (citation omitted). Additionally, "when an appeal is taken, the trial court has no jurisdiction to modify its sentence." **Id.** (citation omitted). However, there are exceptions to these rules. One exception is a trial court's "inherent power" to correct "patent and obvious errors," including illegal sentences if the illegality is obvious. **Commonwealth v. Hansley**, 616 Pa. 367, 47 A.3d 1180, 1189 (2012) ("Thus, under limited circumstances, even where the court would normally be divested of jurisdiction, a court may have the power to correct patent and obvious mistakes."). This power can be exercised in limited circumstances even after a notice of appeal has been filed to correct "a patent defect or mistake in the record." **Commonwealth v. Klein**, 566 Pa. 396, 781 A.2d 1133, 1135 (2001).

Here, in the September 19, 2023, sentencing order, the trial court failed to include the RRRI minimum sentence. Accordingly, on October 26, 2023, the trial court amended the order to include the RRRI minimum sentence. This falls into the category of patent and obvious errors, which the trial court had the inherent jurisdiction to correct, even though more than thirty days had passed since it had entered the initial sentencing order, and Appellant had filed an appeal. **See Commonwealth v. Morales-Feliciano**, No. 1445 MDA 2019, 2021 WL 1753404 (Pa.Super. filed May 4, 2021) (unpublished memorandum) (holding that, where the trial court improperly calculated the RRRI sentence, the trial court had the inherent jurisdiction to correct the patent and obvious error even though more than thirty days had passed from entry of the initial sentencing order and the appellant had filed an appeal). While **Morales-Feliciano** is an unpublished memorandum, we find it to be

*(Footnote Continued Next Page)*

On appeal, Appellant sets forth the following issues in his "Statement of the Questions Involved" (verbatim):

1. Whether the lower court's determination and Order of September 19, 2023, revoking Defendant's probation for violating its terms and resentencing him to a state sentence of 4 to 8 years was an abuse of discretion where it failed to properly consider all of the sentencing factors of 42 Pa.C.S.A. § 9721(b) and/or any mitigating evidence when it imposed the VOP sentence?

2. Whether the sentence imposed on Defendant was harsh and excessive and an abuse of discretion since the lower court failed to consider mitigating factors and state on the record why such a sentence is warranted?

Appellant's Brief at 7.

Preliminarily, we note that "[i]n an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." **Commonwealth v. Wright**, 116 A.3d 133, 136 (Pa.Super. 2015) (citation omitted).

On appeal, Appellant's issues are intertwined. Appellant claims the trial court abused its discretion in imposing a manifestly excessive and unreasonable revocation sentence. Specifically, Appellant claims the trial

_____

persuasive. **See** Pa.R.A.P. 126(b) (indicating unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

court did not state adequate reasons on the record for the revocation sentence and failed to properly consider the protection of the public, the gravity of Appellant's offenses, and Appellant's rehabilitative needs as required by 42 Pa.C.S.A. § 9771(b). Appellant contends "the trial court only considered the proffered evidence regarding the incidents and the nature of the violation." Appellant's Brief at 18. Appellant further suggests the trial court failed to consider the mitigating factors, including his difficult childhood and mental health history. *See id.* at 20.

Appellant's issues challenge the discretionary aspects of his revocation sentence. *See Commonwealth v. Ferguson*, 893 A.2d 735 (Pa.Super. 2006). An appellant wishing to appeal the discretionary aspects of a probation revocation sentence has no absolute right to do so; but rather, the appellant must petition this Court for permission to do so. *Commonwealth v. Kalichak*, 943 A.2d 285 (Pa.Super. 2008). We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa.Super. 2014) (internal citations omitted).

In the case *sub judice*, Appellant filed a timely notice of appeal.  Thus, we turn to whether Appellant's discretionary sentencing issues have been properly preserved.  We note "[i]ssues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. McAfee***, 849 A.2d 270, 275 (Pa.Super. 2004) (citations and internal quotations marks omitted).

Pennsylvania Rule of Criminal Procedure 708, which governs challenges to a sentence imposed following a violation of probation, provides that a motion to modify sentence must be filed within ten days of the imposition of sentence following the revocation of probation.  ***See*** Pa.R.Crim.P. 708(E). As the comment to Rule 708 explains:

> Issues properly preserved at the sentencing proceeding need not, but may, be raised again in a motion to modify sentence in order to preserve them for appeal.  In deciding whether to move to modify sentence, counsel must carefully consider whether the record created at the sentencing proceeding is adequate for appellate review of the issues, or the issues may be waived.

Pa.R.Crim.P. 708 cmt (citation omitted).  Thus, an objection to a discretionary aspect of a sentence is waived if not raised in a post-sentence motion or during the probation revocation sentencing proceedings. ***See Commonwealth v. Parker***, 847 A.2d 745, 752 (Pa.Super. 2004) (holding challenge to discretionary aspect of sentence was waived because the appellant did not object at sentencing hearing or file post-sentence motion).

- 9 -

In the case *sub judice*, Appellant did not raise his discretionary aspects of sentencing issues during the probation revocation sentencing hearing. Moreover, although he was advised of his post-sentence and appeal rights on the record during sentencing, Appellant failed to file a post-sentence motion. N.T., 9/19/23, at 19. Thus, Appellant has failed to preserve his claims for appeal. ***See Parker***, ***supra***.

Moreover, we as indicated *supra*, since Appellant is challenging the discretionary aspects of his sentence, he must present "a substantial question as to the appropriateness of the sentence[.]" ***Commonwealth v. Anderson***, 830 A.2d 1013, 1017 (Pa.Super. 2003) (citations omitted). An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate "a colorable argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing scheme." ***Commonwealth v. Kimbrough***, 872 A.2d 1244, 1263 (Pa.Super. 2005) (*en banc*).

In the case *sub judice*, Appellant failed to include a Rule 2119(f) statement in his appellate brief, and the Commonwealth has specifically objected to this defect. ***See*** Commonwealth's Brief at 6. Accordingly, we decline to address the merits of Appellant's claims on this basis as well. ***See Commonwealth v. Karns***, 50 A.3d 158, 166 (Pa.Super. 2012) (holding the failure to include a Rule 2119(f) statement results in waiver where the

Commonwealth objects to the defect). Consequently, we decline to address the merits of Appellant's discretionary sentencing claims.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/2/2024